Nash, J.
 

 We consider this case, as entirely within the decision of the Court, in the
 
 Bank of Cape Fear
 
 v.
 
 Edwards,
 
 5th Ire. 516. It was there deckled, that, under the charter granted to the plaintiffs; they were not bound to pay the fax imposed for County uses, that they were public dues. It is thought by the defendant and so argued before us, that taxes, imposed for the use of the town of Fayetteville, are not public dues; the reply is, they are as mueh public dues, as County taxes ar®. The latter are imposed, not for the benefit of the State at large, but for that of a particular district called a County ; and so of the former, they are imposed for the special benefit of a particular district called a town. In common parlance we call those taxes, under which the revenue of the State is collected, the public taxes, and the rest take their particular designation from the uses to which they are devoted ; as, the poor tax, taxes for County purposes, taxes for town purposes. They are, however, all taxes, imposed either by the Legislature immediately, or under power granted by that body. When, therefore, the Legislature in granting the charter of incorporation to the plaintiffs, say, that in consideration of their paying into the public Treasury annually, twenty-five cents upon each share owned by private individuals, “the said Bank shall not be liable to any other tax,” it is sajdng that they shall not pay
 
 any
 
 other tax, but the one imposed by the
 
 *59
 
 charter. It may be, the Legislature meant only, that the Bank should not be called on by them to pay any other sum, in the way of taxes into the Public Treasury. If so, they have not made themselves so intelligible, as to shew such was their meaning; nor is there any thing in the act itself, or in the subject matter, to point out to us that their meaning was different from what their words import on their face.
 

 On behalf of the defendant, it has been urged before us, that the word “ taxes,” mean parliamentary taxes,- as it is termed, and does not embrace those imposed by the Commissioners of a town, for town purposes. To support this position, our attention has been directed to several authorities. We have examined them with that attention, which is due to every suggestion made at the bar. Our examination has led to a directly contrary opinion : that they not only do not sustain the defendant’s position, but that, under them, it fails him entirely.
 

 Lord Holt, in th'e case of
 
 Brewster
 
 v,
 
 Kidgell,
 
 Carthew 438, says, “the word ‘.‘taxes,” comprehends rates for the church, and poor, and those rates imposed by the commissioners of the sewers, as well as parliamentary taxes.” Lord Coke, 9 Insti.
 
 532,
 
 says that “ talliage (the ancient word used for taxes,) is a general word, and includes all subsidies, taxes, tenths, fifteenths, i mpositions, or other burthens or charges, put or set upon any man and so in the case the
 
 matter of the Mayor,
 
 &c.
 
 of New York,
 
 11 John. R. 77. In the latter case, the question arose under an Act of the Legislature of that State, wherein it was provided, “ that no real estate belonging to any church or place of public worship, &c. shall be taxed by any law of the State.” The commissioners of the city, in widening and extending Nassau street, made a report of the estimate and assessment of the damage and benefit to the parties interested, &c„ among which or whom were certain churches. These churches objected to the report, upon the ground, principally, that
 
 *60
 
 the word tax used in the act, comprehended every species of contribution or burden, imposed by the authority of the State. The Court decided, “ that the provisions of the Act all refer to general and public taxes, to be assessed and collected for the benefit of the
 
 Town,
 
 County or State at large,” and farther, “ that the word “ taxes” means burdens, charges, or impositions put, or set, upon persons or property, for public uses ; and they refer to the authorities already cited. We think, this is a ease very strongly in point, for the plaintiffs. It is true, the judgment was against the churches, not because the assessment was a tax, for they expressly say it was not, but because the Legislature intended to relieve the churches from these public burdens. “‘But to pay for the
 
 opening of
 
 a street, in a ratio to the benefit or advantage derived from it, is no burden,” and is not a tax.
 

 These authorities satisfy us, that the assessment, made by the Commissioners of Fayetteville upon the real estate of the plaintiffs within the corpoi'ation, was, in the legal acceptation of the word, a tax. The dues so to be collected, are, in the Acts incorporating the town of Fay-etteville, called a tax, and are uniformly so designated in every act passed by the Legislature, granting a municipal incorporation.
 

 We have not been able to- sec the force of the argument drawn from the inequalities óf the burden imposed upon the citizens of the town, by withdrawing- from taxation such a part of the taxable property. Nor can we perceive the want of power in the Legislature to grant the exemption, when the public good requires it. By the revenue Act,
 
 Rev. Stat. ch.
 
 102,
 
 sec. 2,
 
 the real estate belonging to the University and such houses and lots and other real estate, as are set apart and appropriated to divine worship, or for the education of youth, or the support of the poor, and also such real property as is, or shall be exempted by any act creating a society or company, with corporate powers or privileges, shall be exempt from
 
 *61
 
 paying public taxes. Acts of this kind, are nearly coeval with our government, and have been sustained in our Courts; and yet they withdraw from taxation much valuable property, and thereby increase the burden of those whose property is not exempt,
 

 We perceive no error in the opinion of the Court below.
 

 Per Curiam. Judgment affirmed.