LENOIR DRUG COMPANY v. TOWN OF LENOIR.

(Filed 20 November, 1912.)

1. **Cities and Towns — Charter Powers — Taxation—Trades—Soda Fountains—General Law—Interpretation of Statutes.**

    When the charter of an incorporated town gives it, in addition to the powers therein named, "all the power incident and usual to corporations of like character under the general law of the State," by section 2924 of the Revisal, the power is conferred upon it to "annually levy a tax on all trades, etc.," defined to be "any employment or business embarked in for gain or profit," which includes the operation of a soda fountain for that purpose; and a tax thereon of $5 per annum is upheld as valid, notwithstanding the Revenue Act of that year makes no provision for a tax of that character.

2. **Controversy Without Action—Courts—Jurisdiction.**

    The submission of a controversy without action under Revisal, sec. 803, must be to a court of competent jurisdiction over the subject-matter; and as the Superior Court has no jurisdiction over an action to recover a town tax of $5 paid to an incorporated town under written protest, an action therefor in that court should be dismissed.

APPEAL by plaintiff from *Cline, J.,* at June Term, 1912, of CALDWELL.

This is a controversy submitted without action upon the following statement of facts:

1. The plaintiffs stated in the caption are partners, trading under the name and style of Lenoir Drug Company, and said copartners are residents and citizens of the county and State aforesaid.

2. Defendant town of Lenoir is a municipal corporation, created by the General Assembly of North Carolina, its charter being chapter 37, Private Laws of 1909, which said charter contains certain specific powers of taxation, which will appear by reference thereto.

3. It is agreed that under chapter 46, Public Laws 1911, entitled "An Act to Raise Revenue," no license or privilege tax is placed upon the owners or operators of a soda fountain.

4. The following is a true copy of all the ordinances of the town relating to the subject-matter of this controversy, to wit:

"There shall be collected annually the following taxes as license for the privilege of carrying on the business or doing the act named, but nothing herein contained shall be construed to have the effect of relieving the person paying the license taxes from the *ad valorem* taxation provided by law. The license issued under this section shall be for twelve months from the date of the issuance thereof. Such license shall be a personal privilege and shall not be transferable, nor any abatement of the tax allowed. Such license taxes shall be payable to the tax collector of the town and shall be as follows, viz.:

"SEC. 43. On every soda fountain, $5."

5. The plaintiff drug company is the owner of and engaged in operating a soda fountain, and was such owner and so engaged in the operation from 10 September, 1911, to this date.

6. That on or about 10 September, 1911, the tax collector of said town made demand on the plaintiff for the payment of license tax imposed under the foregoing ordinance for the period of twelve months, beginning 10 September, 1911; that such demand was at that time refused, but on 28 May, 1912, plaintiff paid such license tax of $5 under written protest, as required by statute, insisting that at the time of such payment such tax was illegal, upon the grounds that by the charter of the said town of Lenoir the said town could only lawfully collect license or privilege taxes upon such subjects or privileges or persons as were actually named in the revenue acts' of the General Assembly in force at the time of the collection of said tax, and which were permitted to be collected by towns by such revenue acts.

7. The town of Lenoir insists that it is allowed to collect taxes on all privileges and subjects within the corporate limits, and on all itinerant or resident persons plying any trade, profession, or calling which is liable for taxation for State and county purposes, unless prohibited by the general law of the State. That the collection of the tax aforesaid is not prohibited by the general law of the State, and that the imposition and collection of the tax aforesaid is permitted and permissible

under the general law of the State, and the town is not restricted to the collection of license and privilege taxes which are specifically named in the Revenue Act.

If, upon the foregoing statement, the said tax shall be adjudged to be a valid one, judgment shall be entered in favor of the defendant for the costs hereof. If the court shall be of the opinion that such tax is invalid, then judgment shall be rendered against said town for the sum of $5 and the costs hereof.

His Honor held that the tax was legal, and rendered judgment against the plaintiff, who excepted and appealed.

*J. W. Whisnant for plaintiff.*
*Mark Squires for defendant.*

ALLEN, J. It is true, as contended by the plaintiff, that the defendant derives its power to tax from legislative authority, and if it has not been conferred, it does not exist. *S. v. Bean,* 91 N. C., 554; *Winston v. Taylor,* 99 N. C., 211.

We must look, then, to the charter of the defendant (chapter 37, Private Laws 1909), and we find there that certain powers as to taxation are specifically enumerated in section 8, and it is further provided, in section 1, that the defendant, "in addition to the powers and privileges hereafter specially conferred, shall have all the power incident and usual to corporations of like character under the general laws of the State."

Chapter 73 of the Revisal is devoted to "Cities and Towns," and section 2924 confers the power on them to "annually levy a tax on all trades, professions, and franchises carried on or enjoyed within the city, unless otherwise provided by law," and the word "trade," as used in acts to raise revenue, is defined to be "any employment or business embarked in for gain or profit." *S. v. Worth,* 116 N. C., 1010.

We are, therefore, of opinion that as the business of the plaintiffs is embraced in the term "trades," and as the general law, which is substantially incorporated in the charter of the defendant, confers the power to lay an annual tax on "trades," that the plaintiffs are not entitled to recover.

The action might also have been dismissed for want of jurisdiction, as it was brought in the Superior Court and the sum demanded is $5.

The section of the Revisal which permits the submission of a controversy without action (section 803) says it may be submitted "to any court which would have jurisdiction if an action had been brought."

Affirmed.·