WAYNE MERCANTILE COMPANY ET ALS. v. COMMISSIONERS
OF MOUNT OLIVE.

(Filed 14 December, 1912.)

1. **Cities and Towns — Taxation — Tax on Merchants — Graduated Tax.**

   An incorporated town, having the legislative authority to im-
   pose a license tax on trades, etc., may impose it upon merchants
   by a flat rate of taxation uniformly made; and while a gradua-
   tion of the tax, if that method is pursued, is better regulated
   upon a basis of a percentage of sales, yet it is legal if made
   upon a system of dividing the merchants roughly into a certain
   number of classes according to the amount of their annual sales.

2. **Same—Interpretation of Statutes.**

   Under the provisions of section 30, chapter 201, Private Laws
   of 1905 (repealed in 1907 but reënacted by chapter 28, Private
   Laws of 1911), and section 48 of said chapter (Private Laws
   1905), the town of Mount Olive is empowered to levy a license
   tax on merchants, graduated in certain classes according to
   their annual sales.

APPEAL by plaintiffs from order of *Ferguson, J.,* at chambers, of WAYNE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. C. Munroe for plaintiffs.*
*M. T. Dickinson for defendants.*

CLARK, C. J.   This is an action submitted without controversy to determine the validity of the following ordinance of the town of Mount Olive, levying a graduated license tax according to the amount of sales of merchants doing business in the town of Mount Olive, as follows: "On every merchant, storekeeper, or dealer in goods, wares, or merchandise, a graduated tax as follows: On annual sales, of $50,000 or over, $75; $20,-000 to $50,000, $50; $12,000 to $20,000, $25; $5,000 to $12,-000, $15; $5,000 or less, $10."

The charter of the town of Mount Olive, Private Laws 1905, chap. 201, provides among other things, section 30, as follows: "That the commissioners of the town of Mount Olive, in addition to the powers of taxation already granted in the charter of said town and the amendments thereto, shall be and are hereby empowered to levy and collect annually a privilege or license tax on all trades, professions, agencies, business operations, exhibitions, and manufactories in said town of Mount Olive."

That section was repealed, it is true, in Private Laws 1907, but was reënacted in Private Laws 1911, chap. 28. Section 48 of the charter, Private Laws 1905, chap. 201, is as follows: "The town of Mount Olive is hereby vested with all the powers, rights, privileges, and immunities enumerated in chapter 62 of The Code not inconsistent with any provision of this act."

The plaintiffs concede, and it is established by undisputed authority, that a flat rate of taxation upon an occupation would be legal, but it is contended by the plaintiffs that if any graduation is made it must be made strictly by a percentage on the amount of sales. A flat rate is manifestly the most inequitable, though it is undoubtedly legal. Admitting that graduation by

percentage is a juster method, the town authorities are not compelled to adopt it when they decide to avoid the most inequitable.

The town of Mount Olive might have laid a flat tax upon all merchants, requiring all to pay the same amount; but instead of this, it selected, not the better method of a tax graduated according to the percentage of sales, nor the best method of a graduated tax requiring a higher rate per cent on larger receipts than on smaller receipts, but the authorities chose the system of dividing the merchants roughly into five classes according to the amount of their annual sales. Cooley on Taxation (3 Ed.), 261, says: "Even within the class taxed, however, there may be rules of distinction, and these are perfectly admissible, provided they are general rules and are observed. If a State, for example, were to decide to levy an occupation tax upon one of the learned professions, it might decide to lay the same upon each member, or it might discriminate so that the tax should be proportioned to the professional income. Either course would be admissible, provided the rules are made general, though the latter may be the more equitable. But questions of mere equity in taxation are for the Legislature, not for the courts." When the power of taxation is vested by the Legislature in the town authorities the same rules apply.

In this case there are five classes of merchants. Those coming within each of these five classes are treated alike as to taxation upon their occupation, which is all the law requires, and the basis of the division into classes is purely one of discretion in the taxing authority. This point has been too often decided by the State to be an open question.

In *Gatlin v. Tarboro,* 78 N. C., 122, it is said: "The Constitution, while it requires all property to be taxed, expressly authorizes the tax on trades, etc., which must be a tax in addition to the tax on the property of the traders, which is common to all property-owners. It is also argued, and the point is much insisted on, that the tax was not uniform because it was not the same sum on every trader, but was graduated according to the sales of the preceding quarter. A tax on trades, etc., must be considered uniform when it is equal upon all persons

belonging to the prescribed class upon which it is imposed. Burroughs on Taxation, sec. 77. It may be different upon a dealer in whiskey by retail from that on a wholesale dealer; or on a dealer in whiskey from what it is on a dealer in grain, etc. So it does not cease to be uniform because it is $1 on all traders who sell to the amount of $1,000, they being in one class, and $4 on all who sell to the amount of $4,000 in the same time, who form a different class." This case has been repeatedly cited and affirmed.

In *S. v. Powell,* 100 N. C., 525, it is held: "A tax is uniform which is the same on all persons in the same class as on innkeepers, on railroads, etc.; but it is in the discretion of the taxing power to graduate the tax according to the extent of the business taxed or to impose a single tax on the occupation.

In *S. v. Stevenson,* 109 N. C., 733, it was held: "It was in the discretion of the Legislature to impose either a specific tax or one graduated by the extent of the business done. *S. v. Powell,* 100 N. C., 525. Such tax is uniform when it is equal upon all persons in the same class. *Gatlin v. Tarboro,* 78 N. C., 119; *S. v. Powell, supra.* Graduating a merchant's license tax by the amount of his purchases of a certain class of goods, and not by the amount of his total purchases, is not imposing unequal taxes on the goods. It is merely a mode of graduating, according to the wisdom and discretion of the Legislature, the amount of the license tax for carrying on any specific occupation."

In *Rosenbaum v. New Bern,* 118 N. C., 87, the merchants were classified into five classes, *i. e.,* and taxes were laid: On merchants whose receipts were $10,000 and upwards per annum, $2 per month; on merchants whose receipts were from $5,000 to $10,000, $1.25 per month; on merchants whose receipts per annum were $1,000 to $5,000, $1 per month; on merchants whose receipts were less than $1,000, 50 cents per month. This tax was objected to on the ground that it was not uniform, but it was sustained.

In *Cobb v. Commissioners,* 122 N. C., 311, the ordinance in question exempted hotels whose gross receipts were under $1,000; levied a tax of $10 when the gross receipts were between

$1,000 and $2,000, and on hotels whose gross receipts were over $2,000 a tax of one-half of 1 per cent. It was held that such classification was valid, the tax being uniform on all subjects in the same class.

In *S. v. Carter,* 129 N. C., 561, the Court sustained, citing the above authorities, a license tax on the business of buying and selling fresh meat, graduated according to the population, *i. e.,* "In cities or towns of 12,000 inhabitants or over, $7.50; in cities and towns of from 8,000 to 12,000 inhabitants, $5; in cities and towns under 8,000 inhabitants, $3."

In *Lacy v. Packing Co.,* 134 N. C., 572, the above authorities and others were cited, the Court thus summing up the law: "It is settled that a *license tax is uniform when it is equal upon all persons belonging to the described class upon which it is imposed.*" It is pointed out that the constitutional provision requiring uniformity applies only to property, but as to license taxes it quotes with approval the following from *S. v. Stephenson,* 109 N. C., 734 (26 Am. St., 595): "It is within the legislative power to define the different classes and to fix a license tax required of each class. All he can demand is that he shall not be taxed at a different rate from others in the same occupation, as classified by legislative enactment. This is stated as a universal rule. 1 Cooley on Taxation (3 Ed.), 260." When the license tax is prescribed by the municipal authorities under authority conferred by the Legislature, the same rule applies. The above cases are cited and approved. *Dalton v. Brown,* 159 N. C., 182.

In *S. v. Williams,* 158 N. C., 613, *Walker, J.,* says: "In laying the tax the different subjects may be reasonably, though not arbitrarily, classified, and a different rule of taxation prescribed for each class, provided the rule is uniform in its application to the class for which it was made. *R. R. Tax Cases,* 92 U. S., 574; *Worth v. R. R.,* 89 N. C., 291."

Connor and Cheshire on the Constitution, 271, say: "It is unquestionably in the discretion of the taxing power to graduate the tax according to the extent of the business so taxed, or to impose a single tax upon an occupation without regard to its extent."

In *Winston v. Taylor,* 99 N. C., 210, under a provision of the charter of Winston, in exactly the same language as section 30 in the charter of Mount Olive, it was held that an ordinance of the town imposing a graduated tax on dealers in leaf tobacco was valid. In *S. v. Worth,* 116 N. C., 1007, it was held that a charter conferring the power to levy a license tax on "trade" must be interpreted not only as embracing the occupation of mechanics or merchants, but, all who are engaged in any employment or business for gain or profit.

.It is true that the town authorities in this case in graduating the tax have resorted to an unusual graduation. That which commends itself to modern thought is a graduation by which a higher tax is laid pro rata on larger receipts than on smaller ones. For instance, in England the taxation upon incomes and inheritances ranges from 1 to 15 per cent, according to the increase in the size of the estate or income. In France such taxes range from 1 to 23½ per cent, according to the increase in the size of the estate or income, those receiving larger sums being deemed able to bear equitably the increased per cent in the rate of taxation with the increase in the size of the estate. The same is the rule in some of the States of this country and in other countries. While the defendant commissioners have reversed this rule, and to some extent have laid a somewhat larger tax proportionately on the smaller receipts, we are not prepared to say that this is not within the scope of the taxing authorities. It is a matter to be corrected by their constituents either by proper complaint or by electing new officers. It is not within the supervisory power of this Court. *Brodnax v. Groom,* 64 N. C., 250. The judgment affirming the validity of the ordinance is

Affirmed.