SOUTHERN GRAIN AND PROVISION COMPANY v. ALLEN J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 5 November, 1930.)

**Taxation A d—License tax on wholesale grocers who operate a cold storage chamber is constitutional as reasonable classification.**

The power of the Legislature to classify subjects for the purpose of taxation is flexible, and the reasonableness of any classification will generally be construed with reference to the facts of the particular case, the predominant limitation on the power to classify being that the classification must be reasonable and not arbitrary and must rest upon some substantial difference between the classes, and that the burden must be equal upon all in the same class, and a special classification by statute of wholesale grocers operating a cold storage chamber of some character for the preservation of fresh meats, as distinguished from those who handle only canned meats not requiring refrigeration, is a reasonable classification imposing an equal burden upon all of the class, and is constitutional and valid.

CIVIL ACTION, before *Johnson, Special Judge,* at February Special Term, 1930. From WAKE.

The plaintiff is a North Carolina corporation, operating under the laws of said State and engaged in the business of buying and selling grain, hay, meat, and all kinds and classes of groceries at wholesale, and in the course of its business buys and sells meat and packing-house products, both fresh and cured. The defendant, as Commissioner of Revenue for said State, pursuant to chapter 345, section 135, Public Laws of 1929, demanded of plaintiff a license or privilege tax of $150. The plaintiff alleged that in connection with its business it had in-

stalled a refrigerating chamber in which the fresh meat products handled by it are stored. The plaintiff permits no other person to store any meats or property in said refrigerating room. The following facts were agreed to by the parties, to wit: "In addition to the facts set out in the pleadings, the following additional facts are agreed upon in this cause: There are approximately 400 wholesale grocers in the State of North Carolina. Practically all, if not all, of such wholesale grocers are wholesale dealers in meat-packing-house products, buying and selling canned goods of all sorts which are products of various and sundry meat-packing houses. Very few, if any, of said wholesale grocers either own, lease, rent or operate a cold-storage warehouse in connection with such wholesale business. Practically no wholesale dealers in meat-packing-house products either own, lease, rent or operate a cold-storage warehouse in connection with such wholesale business unless such dealer handles fresh meats, the product of meat-packing houses. Cold-storage houses are not necessary to preserving canned goods, the products of meat-packing houses. Cold-storage houses are necessary in handling fresh meats, the product of meat-packing houses. Only such wholesale grocers or dealers who operate in connection with their wholesale business a cold-storage warehouse or a cold-storage chamber of some character, are required to pay the license tax imposed by section 135 of Schedule B of chapter 345 of the Public Laws of 1929, commonly called the Revenue Act."

Upon the foregoing facts and other facts appearing in the pleadings, the trial judge decreed that section 135, chapter 345, Public Laws of 1929, was valid and constitutional and contained "a proper and fair classification for the purposes of the tax therein imposed.

From said judgment plaintiff appealed.

*Connor & Hill for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

BROGDEN, J. The facts disclose that the plaintiff operates a cold-storage chamber, warehouse, or refrigerating room in which to preserve fresh meats owned and sold by him. Wholesale grocers or dealers in meat products are not liable for the tax unless they operate in connection with their wholesale business a cold-storage warehouse or refrigerating room of some character or description. Therefore, the sole question of law involved is whether the operation of such cold storage or refrigerating room for handling and preserving fresh meat constitutes such separate, specific and reasonable classification as the law contemplates.

The power of the State to classify for the purpose of taxation is flexible and must of necessity cover a wide range. The predominant

limitation imposed by the fundamental law upon the exercise of such power is declared to be that the classification "must be reasonable and not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced should be treated alike." *Louisville Gas & Electric Co. v. Coleman,* 48 Supreme Court Reporter, 423.; *Tea Co. v. Doughton,* 196 N. C., 145. Indeed, the foregoing statement of the principle, and words of like import and meaning found in the decisions, have grown into a legal formula as constant and familiar as the formula for the chemical composition of water. The legal formula is made up of two constituent elements, to wit: (a) Reasonable classification; (b) equality of burden upon all in the same class.

The courts have not set a certain and unvarying standard for determining the reasonableness of the classification and have generally been content to apply the law upon the facts as presented in the particular case. This Court in *Rosenbaum v. City of New Bern,* 118 N. C., 83, has held that a merchant selling new clothing and also second-hand clothing was subject to a separate license tax upon both branches of the business upon the theory that a classification based upon the sale of new clothing and second-hand clothing was reasonable. It is not overlooked that in the case mentioned there was an aspect of exercise of police power and yet there was a separate license tax of one dollar for the privilege of merchandising within the city and another license tax of four dollars per month for the privilege of selling second-hand clothing. The court expressly declared in reference to the four-dollar tax that "the license tax was lawfully imposed, if the municipality was clothed with the power to classify, and did not discriminate in the exercise of its delegated authority." Furthermore, this Court has held that a person engaged in the business of operating automobiles for the transportation of property for a distance of more than fifty miles was subject to a license tax, although if such automobiles or motor vehicles transported property less than fifty miles, no additional license tax therefor was required. *Clark v. Maxwell,* 197 N. C., 604. Certainly, if the sale of new clothing and second-hand clothing can be classified as separate and distinct business enterprises within the purview of license tax laws, or if trucks hauling property more than fifty miles would be subject to such license tax, then it would appear that a wholesale dealer in meat products who also operates a refrigerating room for the care and preservation of fresh meat would also be subject to classification. *S. v. Carter,* 129 N. C., 560; *Mercantile Co. v. Mt. Olive,* 161 N. C., 121; *Lacy v. Packing Co.,* 134 N. C., 567; *Armour Packing Co. v. Lacy,* 200 U. S., 227, 50 Law Ed., 451.

Affirmed.