J. PAUL LEONARD v. A. J. MAXWELL, COMMISSONER OF REVENUE.

(Filed 16 June, 1939.)

**1. Pleadings § 20—**

A demurrer tests the sufficiency of a pleading, admitting for the purpose the allegations of fact and relevant inferences of fact deducible therefrom, but it does not admit inferences or conclusions of law.

**2. Taxation § 2a—Legislature may make reasonable classification of articles for computation of sales tax.**

The Legislature may levy a sales tax or a tax on the business of selling tangible personal property, levied as a license or privilege tax, and classify trades, callings, and occupations for the imposition of the tax, and classify articles sold as the basis for computing the tax, exempting certain classes of articles and providing a graduated tax as to other classes of articles, or differentiate in the method of collecting the tax as to some of the classes, provided the levy applies equally and uniformly to all who fall within each particular classification, and provided the classifications are reasonable and based upon some real distinction.

**3. Same—Classifications of property for sales tax made by the Revenue Act of 1937 held reasonable and valid.**

The provision of Art. V, Schedule E, of the Revenue Act of 1937, making a distinction between wholesale and retail merchants, and exempting sales of ice, medicines on a prescription, fish and farm products when sold in the original or unmanufactured state, commercial fertilizer, agricultural lime and plaster, public school books, sale of used or repossessed articles, and sales to the Government or governmental agencies, etc., constitute classifications based upon reasonable and real distinctions, and an allegation that the act is void as imposing arbitrary discriminations in making such classifications is untenable.

**4. Constitutional Law § 6b: Statutes § 5b—**

The presumption is in favor of the constitutionality of an act of the Legislature, and the courts will not declare a statute unconstitutional if it can be upheld on any reasonable ground.

**5. Taxation § 2a—**

Art. V, Schedule E, of the Revenue Act of 1937, providing that a proportion of the six cents per gallon gasoline tax should be deemed in satisfaction of the privilege sales tax levied by the act, is valid.

**6. Taxation § 38c: Constitutional Law § 6b—Party may not attack constitutionality of statute in absence of showing that he has suffered injury thereby.**

This action was instituted by a taxpayer to recover a sum paid under protest levied by the Commissioner of Revenue as a privilege sales tax under the provision of Art. V, Schedule E, of the Revenue Act of 1937. It was not alleged in the complaint that plaintiff was engaged in the business of selling building materials or gasoline. *Held:* No facts are alleged showing injury to plaintiff from the provisions of the act relating to the tax on sales of building materials and gasoline, and he is not entitled to attack the constitutionality of the statute in respect thereto.

**7. Taxation § 2a—**

The fact that a privilege sales tax is levied upon all retail merchants as a single category with exemptions relating to certain classes of articles sold, amounts in effect to classifications for the purpose of taxation, and are valid if the classifications are reasonable, the method by which the classifications are made being immaterial.

**8. Taxation § 38c: Constitutional Law § 6b—Party may not attack constitutionality of statute in absence of showing that he has suffered injury thereby.**

This action was instituted by a taxpayer to recover an amount paid under protest as a privilege sales tax levied by the Commissioner of Revenue under the provision of Art. V, Schedule E, of the Revenue Act of 1937. The complaint did not allege facts showing any injury resulting to plaintiff by reason of the provision of the act requiring that the tax should be passed on to the consumer, nor that the tax sought to be recovered was paid under the provision of the act imposing a maximum tax of $15 on the sale of any single article of merchandise. *Held:* In the absence of a showing of injury, plaintiff is not entitled to attack the provisions as being discriminatory and unconstitutional.

**9. Constitutional Law § 6a: Statutes § 5b—Reapportionment is a political and not a judicial question.**

Plaintiff attacked the validity of an act of the General ‵Assembly of 1937 upon allegations that no reapportionment had been made at the first session after the 1930 census as required by Art. II, sections 4, 5 and 6, of the State Constitution, and that therefore the General Assembly passing the act was not properly constituted, and that no legislation attempted thereat was valid. *Held:* Reapportionment is a political and not a judicial question and the allegation of invalidity is a mere conclusion of the pleader and is untenable.

APPEAL by plaintiff from *Hamilton, Special Judge,* at February Term, 1939, of FORSYTH.

Civil action to recover sales tax paid under protest, and alleged to have been wrongfully and illegally collected under the Emergency Revenue Act of 1937.

On 30 August, 1938, the plaintiff, in response to demand therefor and after hearing, paid to the defendant, under protest, $3.13 being 3% of the gross amount of sales made by the plaintiff as a "retail merchant" during the month of May, 1938, and immediately demanded refund thereof, which was declined. In apt time and pursuant to the provisions of the statute, plaintiff brings this action to recover back the tax so paid.

Plaintiff seeks to recover the tax on the ground that Art. V, Schedule E, of the Revenue Act of 1937 (chap. 127), under which it was collected and paid, is unconstitutional. Liability for the tax is conceded if the act be valid.

The statute is assailed on three grounds: (1) Discrimination, in that it is alleged the statute is not applicable to all "retail merchants" alike; (2) Arbitrariness, in that the maximum tax on the sale of any single article of merchandise is fixed at $15.00 without any reasonable basis therefor; and (3) Disqualification of members of the General Assembly, for that no reapportionment was made at the first session after the last general census as required by Art. II, secs. 4, 5, and 6 of the Constitution.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. Demurrer sustained and from ruling thereon the plaintiff appeals, assigning error.

*Fred M. Parrish and Walter E. Johnston, Jr., for plaintiff, appellant.*
*Attorney-General McMullan and Assistant Attorney-General Gregory for defendant, appellee.*

STACY, C. J. The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences as may be deduced therefrom, but it does not admit any legal inferences or conclusions of law asserted by the pleader. *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843; *Kirby v. Reynolds,* 212 N. C., 271, 193 S. E., 412; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Manning v. R. R.,* 188 N. C., 648, 125 S. E., 555. We must, therefore, look to the allegations of the complaint to ascertain the questions presented.

First. It is alleged that the act in question is void, in that it purports to levy a 3% tax on the gross sales of every "retail merchant" as therein defined, "for the privilege of engaging or continuing in the business of

selling tangible personal property," with the provision that the maximum tax on the sale of any single article of merchandise shall be $15.00, and, at the same time, numerous "retail merchants" engaged in selling tangible personal property are exempted from its provisions, without any reasonable basis for such exemptions, thus resulting in arbitrary discriminations.

What are the alleged invalidating exemptions appearing on the face of the statute? In summary they follow: Sales of (1) ice; (2) medicines on physician's prescription, or compounded, processed or blended by the druggist; (3) products of farms, forests, mines, and waters, when sold by the producers in original or unmanufactured state; (4) fish and sea foods when sold by the fishermen; (5) commercial fertilizers on which inspection tax is paid, and lime and land plaster used for agricultural purposes; (6) public school books on adopted list; (7) used articles taken in trade on sale of new articles and resale of repossessed articles. Exempted also are sales to governments and governmental agencies. Conditional exemptions are allowed on sales of primary and essential articles of food, specifically enumerated, the condition being that the merchant shall keep separate records of such sales.

It is further alleged that certain building materials are arbitrarily exempted from the retail sales tax, and a similar allegation is made in respect of gasoline.

Complaint is also lodged against the following provision: "Retail merchants may add to the price of merchandise the amount of the tax on the sale thereof, and when so added shall constitute a part of such price, shall be a debt from purchaser to merchant until paid, and shall be recoverable at law in the same manner as other debts. It is the purpose and intent of this article that the tax levied herein on retail sales shall be added to the sales price of merchandise and thereby be passed on to the consumer instead of being absorbed by the merchant."

The statute provides that any retail merchant who shall, by public advertisement, offer to absorb the sales tax, or advertise that the tax is not considered as an element in the price to the consumer, shall be guilty of a misdemeanor.

It is observed *in limine* that while the plaintiff alleges the tax in question was not added to the purchase price of the merchandise sold, nor collected by him from the purchasers, the statute gave him this right, and he still has a remedy to save himself harmless from any loss by reason of the imposition of the tax. Whether this circumstance takes from the plaintiff the right to challenge the constitutionality of the act was not considered below, nor has it been urged here, *S. v. Lueders*, 214 N. C., 558, 200 S. E., 22, doubtless for the reason that notwithstanding the opportunity afforded the retail merchant to pass.

the tax on to the consumer, the tax itself is in terms levied on "the privilege of engaging or continuing in the business of selling tangible personal property." *Bickett v. State Tax Com.,* 177 N. ·C., 433, 99 S. E., 415.

As a further preliminary consideration, it may be noted that the right of classification in matters of taxation was expanded or enlarged by amendment to Art. V, sec. 3 of the Constitution, adopted at the general election held in November, 1936, and now extends to property for *ad valorem* as well as franchise purposes, subject to the provision that "The power of taxation shall be exercised in a just and equitable manner. Taxes on property shall be uniform as to each class of property taxed." Chap. 248, Public Laws 1935. It may also be noted that the requirements of "uniformity," "equal protection," and "due process" are, for all practical purposes, the same under both the State and Federal Constitutions. *Clark v. Maxwell,* 197 N. C., 604, 150 S. E., 190, affirmed 282 U. S., 811.

It is conceded that the power to·impose license or franchise taxes of the character here in question is undoubted, and the right of selection or classification is referred largely to the legislative will, with the limitation that it must be reasonable and not capricious or arbitrary. *Belk Bros. v. Maxwell,* 215 N. C., 10; *Land Co. v. Smith,* 151 N. C., 70, 65 S. E., 641; *Brown-Forman Co. v. Kentucky,* 217 U. S., 563.

This discretion in the selection of subjects of taxation extends not only to the classification of trades, callings, businesses, or occupations to be taxed, but also to the classification of property to be taxed. *Bickett v. State Tax Com., supra; Rapid Transit Corp. v. New York,* 303 U. S., 573; *State Board of Tax Comrs. v. Jackson,* 283 U. S., 527, 73 A. L. R., 1464; *Kidd v. Alabama,* 188 U. S., 730.

These propositions have been established by the decisions:

1. A sales tax or a tax on the business of selling tangible personal property, levied as a license or privilege tax, is within the power of the taxing authority. *Tea Co. v. Maxwell,* 199 N. C., 433, 154 S. E., 838, affirmed 284 U. S., 575; *Lacy v. Packing Co.,* 134 N. C., 567, 47 S. E., 53, affirmed 200 U. S., 227; *S. v. French,* 109 N. C., 722, 14 S. E., 383, 26 A. S. R., 590; *Gatlin v. Tarboro,* 78 N. C., 122.

2. In levying a sales tax as a license or privilege tax, the General Assembly may set apart certain trades, callings, or occupations for imposition of the tax and exclude others from its operation. *Smith v. Wilkins,* 164 N. C., 136, 80 S. E., 168. The tax may be fixed at a flat rate for some, graduated as to others, and withheld from others. *S. v. Carter,* 129 N. C., 560, 40 S. E., 11; *S. v. Powell,* 100 N. C., 526, 65 S. E., 424. One business may be taxed and another left untaxed. *Carmichael v. So. Coal & Coke Co.,* 301 U. S., 495, 109 A. L. R., 1327.

3. Reasonable selection or classification of the subjects for such taxation may be made by the General Assembly and different rates or different modes and methods of assessment applied to different classes. *Rosenbaum v. New Bern,* 118 N. C., 83, 24 S. E., 1; *S. v. Stevenson,* 109 N. C., 730, 14 S. E., 385, 26 A. S. R., 595. A wide latitude is accorded the taxing authorities in the selection of subjects for taxation, particularly in respect of occupation taxes. *Oliver Iron Mining Co. v. Lord,* 262 U. S., 172.

4. The limitation on the legislative discretion is that the classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U. S., 412. "The power of the legislature in this matter of classification is very broad and comprehensive, subject only to the limitation that it must appear to have been made upon some 'reasonable ground—something that bears a just and proper relation to the attempted classification, and not a mere arbitrary selection.'" *Land Co. v. Smith, supra.*

5. Equality within the class or for those of like station and condition is all that is required to meet the test of constitutionality. *S. v. Stevenson, supra.* "A tax on trades, etc., must be considered uniform when it is equal upon all persons belonging to the prescribed class upon which it is imposed." *Gatlin v. Tarboro, supra.*

6. Discrimination may exist among the classes. *Rapid Transit Corp. v. New York, supra.* The equal protection clause does not forbid discrimination in respect of matters and things that are different. *Puget Sound P. & L. Co. v. Seattle,* 291 U. S., 619.

7. In proper instances, exemptions from the general rule of either persons or property may be regarded as permissible limitations or as allowable exceptions made in the exercise of the power of classification. *Smith v. Wilkins, supra; Cobb v. Comrs.,* 122 N. C., 307, 30 S. E., 338; *Stewart Machine Co. v. Davis,* 301 U. S., 548, 109 A. L. R., 1293. "The rule of equality permits many practical inequalities. And necessarily so. . . . What satisfies this equality has not been and probably never can be precisely defined." *Magoun v. Illinois Trust & Savings Bank,* 170 U. S., 283. "And inequalities that result not from hostile discrimination, but occasionally and incidentally in the application of a system that is not arbitrary in its classification, are not sufficient to defeat the law." *Maxwell v. Bugbee,* 250 U. S., 525. "The operation of a general rule will seldom be the same for every one. If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict." *Fox v. Standard Oil Co.,* 294 U. S., 87.

8. Finally and in brief, the test is this: Does the classification rest upon a relevantly rational basis and is the tax uniform in respect of those similarly situated? *Louisville Gas Co. v. Coleman,* 277 U. S., 32. "The boundary between what is permissible and what is forbidden by the constitutional requirement has never been precisely fixed and is incapable of exact delimitation." *Colgate v. Harvey,* 296 U. S., 404.

Applying these principles to the provisions of the act in question, it is observed, first, that the classification and exemptions apply alike to all retail merchants affected by the act; and, secondly, that reasonable and pertinent bases for such classification and exemptions are readily discernible. This is all that is required to sustain the constitutionality of the act. *Provision Co. v. Maxwell,* 199 N. C., 661, 155 S. E., 557. The exemptions upheld in the case of *Smith v. Wilkins, supra,* cover nearly all the articles here challenged. In many instances they are the same, e.g., ice, products of farm, fish, books, etc. Similar distinctions may be pointed out in respect of the other exceptions made in the Emergency Revenue Act of 1937.

Given the power of classification based on reasonable differences, the General Assembly may place proprietary medicines in one class, and those prepared on prescription or compounded by the druggist in another. It may tax one of these classes according to one rule, and the other according to another; or it may tax one and refuse to tax the other. *Smith v. Wilkins, supra.* Likewise, throughout the list of exemptions enumerated in the statute, reasonable distinctions may be suggested. It is proper to classify merchants as "wholesalers" and "retailers," and tax them differently. *Cook v. Marshall,* 196 U. S., 261. Merchants dealing in second-hand clothing may be separated from other merchants. *Rosenbaum v. New Bern, supra.* Brokers and pawnbrokers may be put in different classes. *Schaul v. Charlotte,* 118 N. C., 733, 24 S. E., 526. The integrated chain store as compared with the voluntary type may be made the basis of differentiation. *Liggett Co. v. Lee,* 288 U. S., 517. One business may be taxed and another of an allied kind exempted. *Lacy v. Packing Co.,* supra. The sale of cigarettes may be taxed and other tobacco products not. *Ex parte Asotsky,* 319 Mo., 810, 5 S. W. (2d), 22. Commercial fertilizers, lime and land plaster may be exempted in aid of agriculture without doing violence to the rule of uniformity. *S. v. Spaugh,* 129 N. C., 564, 40 S. E., 60. So, also, may sales to governments and governmental agencies be exempted, *State v. Smith,* 338 Mo., 409, 90 S. W. (2d), 405, as well as primary and essential articles of food. *Morrow v. Henneford,* 182 Wash., 625, 47 Pac. (2d), 1016. Likewise the sales of farm and other products when sold by the producer in the original or unmanufactured state may be exempted from the general tax. *S. v. Stevenson, supra; S. v. French, supra.*

Other instances might be cited, but the foregoing will suffice to show the trend of the decisions on the subject and to indicate how slight the differences need be, when pertinent and real, to sustain the classification and to obtain the imprimatur of judicial approval. *Colgate v. Harvey, supra.* Indeed, it is not after the manner of the courts to strike down such legislation if it can be upheld on any reasonable ground. *Belk's Gap.R. Co. v. Pennsylvania,* 134 U. S., 232. The presumption in favor of validity is in full support of the rule. *S. v. Lueders, supra.* Of necessity, no unbending rule of equality can be applied in such cases. *Rapid Transit Corp. v. New York, supra.* The power to classify *ex necessitate* carries with it the discretion to select the subjects of taxation and to grant exemptions. In the nature of things, narrow distinctions are sometimes invoked, and if founded on a rational basis and reasonably related to the object of the legislation, the courts will not say that a different result should have been reached or that the differentiation is arbitrary. *Provision Co. v. Maxwell, supra.* "Such differences need not be great." *State Board of Tax Comrs. v. Jackson, supra.* However, *"mere* difference is not enough." *Louisville Gas Co. v. Coleman, supra.* It must be relevant or pertinent as well as rational.

The matter is covered in a pithy paragraph by *Mr. Justice Holmes* in the case last cited, where he says: "When a legal distinction is determined, as no one doubts that it may be, between night and day, childhood and maturity, or any other extremes, a point has to be fixed or a line has to be drawn, or gradually picked out by successive decisions, to mark where the change takes place. Looked at by itself without regard to the necessity behind it the line or point seems arbitrary. It might as well or nearly as well be a little more to one side or the other. But when it is seen that a line or point there must be, and that there is no mathematical or logical way of fixing it precisely, the decision of the legislature must be accepted unless we can say that it is very wide of any reasonable mark."

The allegations pertaining to building materials and gasoline are wanting in accuracy. The tax on specified building materials is levied on the purchaser or user, and not on the seller, except when sold by a "wholesale merchant." *Supply Co. v. Maxwell,* 212 N. C., 624, 194 S. E., 117. Of this, the plaintiff is in no position to complain. Likewise, it is provided that "a proportion of the tax of six cents per gallon" on gasoline otherwise taxed, "shall be deemed in satisfaction of the tax upon retail sales levied in this article." This meets the requirement of constitutionality. Re Opinion of Justices, 88 N. H., 500, 190 Atl., 500. Moreover, no facts are alleged to show injury to the plaintiff from any discrimination within these classes. He is not engaged in the business of selling either building materials or gasoline.

The fact, if it be a fact as plaintiff alleges, that all "retail merchants" engaged in the business of selling tangible personal property, are, by the terms of the act, placed in a single category, and then numerous withdrawals are made in the form of exemptions, amounts in the end to no more than the exercise of the power of classification. The method of selection is not material, so long as the results are lawful. *Gregg Dyeing Co. v. Query,* 286 U. S., 472.

If it be thought the suggested reasons underlying these exemptions and advanced in favor of their validity, are subject to some debate in the field of pure logic, it is enough to say they were regarded as sufficient in the legislative halls and are well understood by those acquainted with the life of our people. *Carmichael v. Southern Coal & Coke Co., supra.* Moreover, it should be remembered that in devising a scheme of taxation, "the State is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use, or value." *Ohio Oil Co. v. Conway,* 281 U. S., 146. Nor is it confined to a formula of rigid uniformity. *Swiss Oil Corp. v. Shanks,* 273 U. S., 407. It may tax some kinds of property at one rate, and others at another, and exempt others altogether. *Stewart Machine Co. v. Davis, supra.* "Some play must be allowed for the joints of the machine." *M. T. & K. Ry. Co. v. May,* 194 U. S., 267.

The plaintiff derives a modicum of comfort from the decision in *Winter v. Barrett,* 352 Ill., 441, 186 N. E., 113, 89 A. L. R., 1398. It supports his position. The case has not been followed in other jurisdictions, however, and is not controlling here. It is at variance with a number of pronouncements elsewhere. See *Amer. Sugar Refining Co. v. Louisiana,* 179 U. S., 89; *Bank v. Edwards,* 27 N. C., 516; *Bank v. Deming,* 29 N. C., 55; *State ex rel. Botkin v. Welsh,* 61 S. D., 593, 251 N. W., 189; *State ex rel. Stiner v. Yelle,* 174 Wash., 402, 25 Pac. (2d), 91.

The provisions in respect of passing the tax on to the consumer, and prohibiting the retail merchant from advertising otherwise, are not here involved. *Pierce Oil Co. v. Hopkins,* 264 U. S., 137. The plaintiff has alleged no hurt from these provisions. *St. George v. Hardie,* 147 N. C., 88, 60 S. E., 920. If others have been aggrieved thereby, it suffices to say the plaintiff can speak only for himself. In matters of constitutional challenge, he is not his brother's keeper. *Newman v. Comrs. of Vance,* 208 N. C., 675, 182 S. E., 453.

Second. It is further alleged that the maximum tax of $15.00 on the sale of any single article of merchandise is arbitrary, and perforce results in discrimination.

The plaintiff has aimed his hardest blows at this provision. He points out that the limitation is not on a single sale, but on the sale of

a single article. *Stewart Dry Goods Co. v. Lewis,* 294 U. S., 550. Conceivably, he says, one merchant may sell a number of articles for $1,000 and pay a tax of $30, while another sells a single article for a like amount and is taxed $15, the only basis of distinction being in the number of articles sold, with the limitation favoring the sale of the single article. *Tea Co. v. Doughton,* 196 N. C., 145, 144 S. E., 701; *S. v. Dixon,* 215 N. C., 161.

The defendant, on the other hand, suggests that the limitation has the effect of creating a class of articles selling for $500 and more, and in no way offends against the legislative discretion of classification. *Powell v. Maxwell,* 210 N. C., 211, 186 S. E., 326. At most, he says, it is an uniform restriction applicable alike to all. *Wayne Mercantile Co. v. Mt. Olive,* 161 N. C., 121, 76 S. E., 690, 49 L. R. A. (N. S.), 954. If the sale of articles of small value may be exempted for administrative reasons, *Drug Co. v. Luke,* 48 Ariz., 467, 62 P. (2d), 1126, the limitation of the tax upon the sale of any single article would seem to be allowable on practical or economic grounds. *Carmichael v. So. Coal & Coke Co., supra; Ficklen Tob. Co. v. Maxwell,* 214 N. C., 367, 199 S. E., 405.

As the total tax which plaintiff seeks to recover is only $3.13, and therefore less than the maximum tax collectible on the sale of any single article, it would seem that he is in no position to complain at the limitation. For aught that appears, he has suffered no injury. His tax has not been increased thereby. Nor could he derive any benefit from a favorable decision on the point, because in sec. 839 it is provided that if any clause, sentence, paragraph, or part of the act be adjudged invalid, "such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof directly involved in the controversy in which such judgment shall have been rendered." *Riggsbee v. Durham,* 94 N. C., 800; *Supervisors v. Stanley,* 105 U. S., 312. The plaintiff's present position is not that of one who can challenge the validity of the provision. *St. George v. Hardie, supra.*

Third. The third ground upon which the plaintiff assails the validity of the act is, that the General Assembly of 1937 was not properly constituted because no reapportionment was made at the first session after the last census as required by Art. II, secs. 4, 5, and 6 of the Constitution, and that none of the legislation attempted at this session can be regarded as possessing the sanctity of law. In other words, as the first session of the General Assembly after the 1930 census was the session directed by the Constitution to make the reapportionment, and failed to do so, it is suggested that no other session is competent to make the reapportionment or to enact any valid legislation and that henceforth no

---

---

*de jure* or legally constituted General Assembly can again be convened under the present Constitution. Quite a devastating argument, if sound.

Plaintiff concedes in his brief, however, and. rightly so, that the authorities are against him on this point. *People ex rel. Fergus v. Blackwell et al., Members of the General Assembly,* 342 Ill., 223, 173 N. E., 750. The question is a political one, and there is nothing the courts can do about it. *State ex rel. Cromelieu v. Boyd,* 36 Neb., 182, 54 N. W., 252, 19 L. R. A., 227. They do not cruise in nonjusticiable waters. *Coleman v. Miller,* 305 U. S., ......, decided 5 June, 1939.

The allegation in the complaint is but a conclusion of the pleader, and is untenable. *People v. Clardy,* 334 Ill., 638, 166 N. E., 640.

It results, therefore, that the demurrer was properly sustained.

Affirmed.