BEST & COMPANY, INC., v. A. J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 2 February, 1940.)

**1. Appeal and Error § 43—**

   The petition to rehear on the ground that the Court was inadvertent to one of the grounds upon which plaintiff attacked the constitutionality of the statute involved in the case is allowed.

**2. Same—**

   Where the Supreme Court is evenly divided in opinion, one Justice not sitting, as to whether there was error in the opinion of the Court in the

construction of the statute attacked by plaintiff in the action, plaintiff's petition to rehear on this ground will be denied.

WINBORNE, J., concurring in part and dissenting in part.

STACY, C. J., and BARNHILL, J., join in the opinion of WINBORNE, J.

PETITION to rehear this case, reported in 216 N. C., 114.

*Straus, Reich & Boyer, M. James Spitzer, Manly, Hendren & Womble, and W. P. Sandridge for plaintiff, petitioner.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Gregory for defendant, respondent.*

*Bailey & Lassiter, amicus curiæ.*

CLARKSON, J.   The petition deals with a matter of form and also with one of substance.

The petition alleges an inadvertence in the interpretation of petitioner's position in that it was stated that petitioner challenged the act only upon the ground that it violates the Commerce Clause of the Constitution of the United States, whereas petitioner likewise challenged the enactment as "Offending against the privileges and immunities and the equal protection of the law clauses of the Constitution of the United States." It is contended by respondents that those matters were dealt with in substance, though without specific mention, in the body of the former opinion. However, to this extent the petition is allowed.

The petition further alleges error in the construction of the statute. "The court being evenly divided on this phase of the petition, *Seawell, J.,* not sitting, the petition is sustained only to the extent above indicated.

Petition dismissed in part and sustained in part.

WINBORNE, J., concurring in the partial allowance of the petition and dissenting from its dismissal in part:

The opinion heretofore filed in this case imputes to the statute a meaning not warranted by its terms.   The construction is a forced one. It is conceded on all hands that if the tax is laid on the privilege of taking orders for goods to be shipped in interstate commerce, the act offends against the Constitution of the United States.

The provision of the act is that: "Every person, firm, or corporation, not being a regular retail merchant in the State of North Carolina, who shall display samples, goods, wares, or merchandise in any hotel room, or in any house rented or occupied temporarily for the purpose of securing orders for the retail sale of such goods, wares, or merchandise so displayed, shall apply for in advance and procure a State license from the Commissioner of Revenue for the privilege of displaying such samples, goods, wares, or merchandise, and shall pay an annual privilege tax

of two hundred fifty dollars ($250.00), which license shall entitle such person, firm, or corporation to display such samples, goods, wares, or merchandise in any county in this State." Public Laws 1937, ch. 127, sec. 121, subsec. (e).

This is the exact language of the statute. It admits only of the interpretation that it is a tax on the privilege of taking orders for goods to be shipped in interstate commerce. The authorities are one in holding that such legislation is unconstitutional.

Nor can the construction heretofore given to the statute save it from constitutional offense. If the tax imposed be a "use tax," it is discriminatory. *Leonard v. Maxwell*, 216 N. C., 89.

STACY, C. J., and BARNHILL, J., join in this opinion.