E. R. SNYDER, DOING BUSINESS UNDER THE NAME OF SNYDER TIRE COMPANY, v. A. J. MAXWELL, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 22 May, 1940.)

**1. Taxation § 2c—**

The classification of subjects for taxation must be based upon reasonable distinctions and must apply equally to all within each class defined.

**2. Same—**

Classifications made by the Legislature for the purpose of taxation will not be disturbed by the courts unless the distinctions which are the bases for the classifications are arbitrary and unreasonable, and in passing upon the question the courts will take judicial notice of conditions within common knowledge pertaining to the particular subject of the classification.

**3. Same—Subclassification of mechanical vending machines may be based on difference of merchandise sold therefrom.**

While vending machines may be put into a class, the classification being based upon the economic advantage in the method of sale thus brought about, a further classification of such machines may be made based upon the kind of merchandise to be sold therefrom as affording a greater opportunity for profitable exercise of the privilege. Such subclassification may be made the basis of a tax without illegal discrimination.

**4. Same—Classification of soft drinks sold by vending machines for tax at different rate than other merchandise sold by this method held valid.**

The provision of chapter 158, section 130, Public Laws of 1939, imposing a license tax of $30.00 on the privilege of operating a vending machine selling soft drinks at the retail price of five cents while imposing a smaller tax on vending machines selling other kinds of merchandise at the same price, *is held* to prescribe classifications based upon real and reasonable distinctions, since it is a matter of common knowledge that the sale of soft drinks has obtained a unique commercial place, affording unusual opportunities for gainful returns, thus justifying the imposition of a higher license tax upon the privilege of selling this kind of merchandise by vending machine.

**5. Taxation § 30—**

> All of the subsections of section 130, chapter 158, Public Laws of 1939, must be construed *in pari materia*, and upon such construction *it is held* that the section discloses the legislative intent to impose a license tax of $30.00 on slot machines vending soft drinks as an exception to the general classification of mechanical vending machines.

STACY, C. J., dissenting.

WINBORNE, J., joins in dissenting opinion.

APPEAL by plaintiff from *Williams, J.,* at January Term, 1940, of WAKE. Affirmed.

The plaintiff brought this action against the defendant Commissioner of Revenue to recover the sum of $30.00 paid under protest as a tax on the privilege of operating a vending machine selling soft drinks upon a deposit of five cents, under section 130, chapter 158, of the Public Laws of 1939. He complains that the tax "constitutes an illegal classification, lacks uniformity and is arbitrary, unreasonable, discriminatory and unjust and is illegal and invalid." Plaintiff further contends that in this section of the Revenue Act the General Assembly has created as a class, for the purpose of taxation, "persons, firms, and corporations operating for gain or profit machines or devices operated upon the coin-in-the-slot principle" and has levied a tax of one dollar per year upon all such machines and devices requiring a deposit of five cents, and has, therefore, illegally levied upon "all such persons, firms, or corporations selling, through such machines or devices, soft drinks at five cents, a tax of $30.00 a year." Plaintiff further complains that the State has made a classification of all vending machines operated on the coin-in-the-slot principle which vend merchandise at five cents and has taxed the same at one dollar, has taxed those selling soft drinks at a soft drink stand at $5.00, whereas the statute imposes a tax of $30.00 upon a vending device selling soft drinks solely. Plaintiff complains that the imposition and collection of the tax is in violation of section 17 of Article I of the Constitution, in that it deprives plaintiff of his property, contrary to the law of the land, and makes an arbitrary and unreasonable discrimination against him in the classification aforesaid; that it is also repugnant to section 3 of Article V of the Constitution of North Carolina in that the tax is not uniform, but on the contrary is arbitrary and discriminatory; and that it violates also section 1 of the 14th Amendment of the Constitution of the United States in depriving the plaintiff of his property without due process of law, and denying to him equal protection of the law.

Judgment was rendered against plaintiff in the justice's court, from which he appealed to the Superior Court. The cause was there heard

and judgment rendered against the plaintiff, from which he appealed to this Court.

   *Frank P. Hobgood, William A. Lucas, and S. G. Bernard for plaintiff, appellant.*
   *Attorney-General McMullan and Assistant Attorney-General Gregory for the State, appellee.*

SEAWELL, J.   Under the admissions of the parties, the only thing left for consideration in this Court is the constitutionality of the statute levying the tax.

The challenge of the plaintiff to the validity of the privilege tax imposed on mechanical vendors of soft drinks may be succinctly stated as follows: (a) Because it is based on an unjustifiable distinction between mechanical devices selling soft drinks and other similar devices selling other merchandise, thus leading to an unreasonable classification; and (b) because the law itself has selected as a classification, for the purpose of taxation, mechanical devices selling "merchandise" (excepting certain products, as to which no controversy exists), and has attempted to discriminate within that class against devices which vend soft drinks solely, the said "soft drinks" being included within the term "merchandise." There are variations and distinctions in the attack made upon the statute, but we think they all may be resolved into the propositions laid down. We cannot agree that they are sound.

The breadth of the classification insisted upon as representing the limit of legislation in that direction leads us to consider the purpose and effect of classification in bringing about a just and equitable distribution of the tax burden as required by Article V, section 3, of the Constitution. Manifestly such classification is essential to any orderly system of taxation, and the lack of it is as likely to do injustice as an improper classification is to produce unfair discrimination. Loose and general classification will neither serve the Government nor protect the individuals to be taxed. Privileges especially are so varied in the subjects to which they relate, and the opportunities they afford for profitable exercise differ so widely, that extensive classification is imperative.

There are two rules by which the Legislature must be governed in classifying subjects for taxation: First, the classification itself must be based upon a reasonable distinction. Cooley on Taxation, section 344, pp. 746, 747; *American Sugar Refining Co. v. Louisiana,* 179 U. S., 89, 45 L. Ed., 102. Second: The tax must apply equally to all those within the class defined. Cooley on Taxation, 4th Ed., section 269, p. 575, section 352, p. 750; *Dalton v. Brown,* 159 N. C., 175, 75 S. E., 40;

*State Tax Comrs. v. Jackson,* 283 U. S., 527, 75 L. Ed., 1248, 75 A. L. R., 1536.

Upon review here, the widest latitude must be accorded to the Legislature in making the distinctions which are the bases for classification, and they will not be disturbed unless capricious, arbitrary, and unjustified by reason. *Brown-Forman Co. v. Kentucky,* 217 U. S., 563, 54 L. Ed., 833; *Sproles v. Binford,* 286 U. S., 374, 76 L. Ed., 1167; *Whitney v. California,* 274 U. S., 357, 71 L. Ed., 1095.

The Legislature is not required to preamble or label its classifications or disclose the principles upon which they are made. It is sufficient if the Court, upon review, may find them supported by justifiable reasoning. In passing upon this the Court is not required to depend solely upon evidence or testimony bearing upon the fairness of the classification, if that should ever be required, but it is permitted to resort to common knowledge of the subjects under consideration, and publicly known conditions, economic or otherwise, which pertain to the particular subject of the classification.

Since the economic advantage derived from the use of a mechanical vendor may be regarded as the same in the sale of all merchandise capable of delivery in that way, this factor, as a basis of classification, may be considered as canceled out. We are left to consider whether a distinction between the kinds of merchandise sold through such devices, or similar devices, may justify a further classification for the purpose of taxation, and whether such further classification is within the intent of the statute and has been therein effectively expressed.

The contention of the plaintiff that commodities comprehended in the general term "merchandise" may not be further classified for the purpose of imposing a privilege tax on their sale, through a mechanical device similar to that through which other merchandise is sold, is opposed to both theory and practice.

Under our own Revenue Act, chapter 158, Public Laws of 1939, various license taxes are imposed for the privilege of engaging in business involving sales based upon the distinction both as to the quantity of the commodities sold under the privilege and as to the character and kind of the commodities. Peddlers selling merchandise are taxed accordingly as they sell on foot, with a horse-drawn vehicle or motor car; section 121. Merchants pay one dollar for the privilege under section 405, and, in addition, 3% of the total gross sales. Other articles, unquestionably merchandise, require privilege taxes at varying rates according to the kind of merchandise sold, as, for instance, adding machines, automatic sprinklers, bowie knives, cash registers (and a list of other merchandise included under section 119), sewing machines,

SNYDER *v.* MAXWELL, COMR. OF REVENUE.

cartridges, pistols, radio instruments, records for musical instruments, refrigerating machines, victrolas and records, and a host of other classified merchandise. Dealers in coal and coke are taxed at a different rate from that imposed on other commodities and, generally speaking illustrations may be added almost without limit of the universal practice obtaining in this and other states involving a distinction in the privilege tax according to the different kind of commodities sold. It is also true that if the merchant sells soft drinks he pays at a different rate of tax from that imposed upon him for selling candy and chewing gum perhaps within a yard of the stand.

The classification of privilege taxes, as illustrated, is abundantly justified, both in texts on the subject and decisions of the courts. Cooley on Taxation, section 353, p. 752; *Brown-Forman Co. v. Kentucky, supra,* affirming 125 Ky., 402, 101 S. W., 321; 12 Am. Jur., p. 193, and cases cited; 26 R. C. L., p. 228; *S. v. Danenberg,* 151 N. C., 718, 66 S. E., 301, 26 L. R. A. (N. S.), 890; *Drug Co. v. Lenoir,* 160 N. C., 571, 76 S. E., 480. See annotations 6 A. L. R., 1417; *Mercantile Co. v. Mount Olive,* 161 N. C., 121, 76 S. E., 690; *Leonard v. Maxwell,* 216 N. C., 89, 93, 3 S. E. (2d), 316.

It is clear that the Legislature has not exhausted its power of classification by making a distinction as to the manner in which an article is sold—as, for example, through mechanical devices—but it may make a further classification or sub-classification within reasonable limits with reference to the kinds of goods, wares, and merchandise which are so sold from them; and the fact that they are all sold in a similar manner will not defeat the further classification of the privilege.

These distinctions imply a difference in the commodities which may reasonably affect the value of the privilege because of the expectancy of its more profitable exercise. We think it will be unquestioned that the soft drink trade has achieved a unique place in the commercial world, both as to the volume of business, the certainty of sale in comparatively large volume and, therefore, the opportunity for gainful return attending the privilege of selling such merchandise. There is an economic advantage to one who exercises such privilege which vindicates the classification made by the Legislature as to the devices through which the sale may be made.

The act is criticized because the tax imposed on coin-slot machines selling soft drinks seems to have been put out of its place and is made to keep company with machines making intangible returns, whereas, taxes upon coin-slot devices selling merchandise generally are placed in another section—an anatomical misfit, like having a heart on the wrong side or an upside-down stomach. But it is still there and we see no reason why it may not function. A statute is not to be condemned

for its informality when its intent can be reasonably discerned. *Belk Brothers Co. v. Maxwell, Comr. of Revenue,* 215 N. C., 10. The whole statute must be considered *in pari materia,* and the imposition of the tax on coin-slot machines vending soft drinks must be regarded as an .exception to the more general classification under subsection 3, forming of itself a sub-classification, which is valid if reasonable. As to the reasonableness of the classification, we have already given expression.

The judgment of the court below is

Affirmed.

STACY, C. J., dissenting: Two vending machines stand side by side. One sells a package of chewing gum or other merchandise for five cents and is taxed $1.00. The other sells a bottle of Coca-Cola or other soft drink for five cents and is taxed $30.00. What is the relevantly rational basis of distinction between the two vending machines which justifies a differentiation in classification? *Leonard v. Maxwell,* 216 N. C., 89, 3 S. E. (2d), 316. The events upon which the taxes are laid, to wit, the method and amount of each sale, are the same in both instances. Change either, and, regardless of the character of the article sold, the tax would not apply.

It will be noted that the subjects of the levies are not the different businesses, but the manner and value of each transaction. The tax in each case is on a designated use of the vending machine and nothing else. In the one it is thirty times greater than in the other. Thus the same thing is taxed at different rates and results in discrimination. It is only when the article of merchandise or the soft drink is sold through the vending machine and at the price of five cents that the tax is applicable.

The classification seems arbitrary. *Kenny Co. v. Brevard, ante,* 269, 7 S. E. (2d), 542.

WINBORNE, J., joins in this opinion.