First Carolina Investors v. Lynch, Sec. of Revenue

---

FIRST CAROLINA INVESTORS v. MARK G. LYNCH, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

No. 8526SC771

(Filed 31 December 1985)

1. Taxation § 26.1— business trust—treatment as corporation—assessment of franchise tax proper

There was no merit to plaintiff's contention that it did not meet the statutory requirements for assessment of the N. C. franchise tax because it was a business trust and not a corporation within the definition of that term in

G.S. 105-114, since plaintiff met the three criteria of that statute by being an "other form of organization for pecuniary gain"; plaintiff's "shares of beneficial interest" were the functional equivalent of capital stock; and plaintiff's Declaration of Trust established for its trustees and shareholders limited liability for trust obligations, a privilege not possessed by individuals or partnerships.

2. **Taxation §§ 2.3, 26.1— franchise tax—business trust not treated as limited partnership—no violation of uniformity requirement**

There was no merit to plaintiff's argument that, because it was so similar to a limited partnership, which was not subject to the franchise tax, assessment of the tax against plaintiff violated the uniformity requirement of Article V, § 2 of the N. C. Constitution, since plaintiff's Declaration of Trust specifically declared that plaintiff should not be deemed a partnership; plaintiff's trustees and shareholders enjoyed a significant privilege not enjoyed by limited or general partnerships; and the difference in classification therefore was not arbitrary or unreasonable.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 22 April 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 December 1985.

The plaintiff appeals from a judgment dismissing its complaint. The plaintiff is a business trust created by a Declaration of Trust on 18 January 1972 and organized under the laws of South Carolina. The plaintiff is doing business in North Carolina and maintains its principal place of business in Charlotte.

The plaintiff protested an assessment of the North Carolina franchise tax for the years 1976 through 1981 on grounds that it is not taxable as a corporation within the meaning of G.S. 105-114. After a hearing in which the Secretary of Revenue sustained the assessment, the plaintiff paid the tax and instituted this action to recover the amount paid. The trial court granted the defendant's motion to dismiss and the plaintiff appealed.

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, by James D. Monteith, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for defendant appellee.*

WEBB, Judge.

[1] In its first assignment of error the plaintiff argues that it does not meet the statutory requirements for assessment of the

North Carolina franchise tax because it is not a corporation within the definition of that term in G.S. 105-114, which provides in pertinent part:

Nature of taxes; definitions.

. . . .

The taxes levied in this Article upon corporations are privilege or excise taxes levied upon:

. . . .

(2) Corporations not organized under the laws of this State for doing business in this State and for the benefit and protection which such corporations receive from the government and laws of this State in doing business in this State.

. . . .

The term "corporation" as used in this Article shall, unless the context clearly requires another interpretation, mean and include not only corporations but also associations or joint-stock companies and every other form of organization for pecuniary gain, having capital stock represented by shares, whether with or without par value, and having privileges not possessed by individuals or partnerships; and whether organized under, or without, statutory authority. . . .

When the term "doing business" is used in this Article, it shall mean and include each and every act, power or privilege exercised or enjoyed in this State, as an incident to, or by virtue of the powers and privileges acquired by the nature of such organizations whether the form of existence be corporate, associate, joint-stock company or common-law trust.

. . . .

G.S. 105-114 levies a franchise tax only upon organizations which are (1) corporations as defined within that section and (b) doing business within North Carolina. As the plaintiff does not dispute that it is doing business in North Carolina, the only issue to be decided is whether the trial court correctly determined that the plaintiff is a corporation within the meaning of G.S. 105-114.

Under the terms of G.S. 105-114, an organization is properly classified as a corporation for franchise tax purposes when it satisfies three criteria: (1) it is a corporation, association, joint-stock company or any other form of organization for pecuniary gain; (2) it has capital stock represented by shares; and (3) it has privileges not possessed by individuals or partnerships.

The first statutory criterion for classification as a corporation for franchise tax purposes is clearly met. Assuming without deciding that the plaintiff is not an "association" within the meaning of the statute, it is nonetheless an "other form of organization for pecuniary gain."

The second criterion, issuance of capital stock represented by shares, is also easily established. Although the term "capital stock" is most commonly used in connection with ordinary business corporations, this statute was expressly intended to apply to forms of business organizations other than ordinary corporations. Therefore, "capital stock" must be read to encompass ownership interests in all the different types of business organizations potentially subject to the franchise tax.

Article V of the plaintiff's Declaration of Trust states in part:

Every Shareholder shall be entitled to receive a certificate, . . . specifying the number of Shares held by such Shareholder. . . . . [S]uch certificates shall be treated as negotiable and title thereto and to the Shares represented thereby shall be transferred by delivery thereof to the same extent in all respects as a stock certificate, and the shares represented thereby, of a South Carolina business corporation.

In connection with the issuance of its shares, the plaintiff filed with the Securities and Exchange Commission a Form 10, General Form for Registration of Securities, and reported its shares of beneficial interest as capital stock to be registered. Because the plaintiff is organized as a business trust rather than as an ordinary business corporation, its shares of capital stock are designated as "shares of beneficial interest." Despite that designation, the plaintiff's shares are the functional equivalent of capital stock.

The third criterion for classification as a corporation, possession of privileges not possessed by individuals or partnerships, is also established in the plaintiff's Declaration of Trust.

Article IV of the Declaration states in part:

> No Shareholder shall be subject to any personal liability whatsoever in tort, contract or otherwise to any other Person or Persons in connection with the Trust Property or the affairs of the Trust, and no Trustee, officer, employee or agent of the Trust shall be subject to any personal liability whatsoever in tort, contract or otherwise, to any Person or Persons in connection with the Trust Property or affairs of the Trust save only for his failure to act in good faith in the reasonable belief that his action was in the best interest of the Trust or for his willful misconduct. The Trust shall be solely liable for any and all debts, claims, demands, judgments, decrees, liabilities or obligations of any and every kind, against or with respect to the Trust or in connection with the Trust Property, or the affairs of the Trust, and resort shall be had solely to the Trust Property for payment or performance thereof.

Individuals may not limit their liability for personal obligations. Every partnership must contain at least one general partner who remains personally liable for the obligations of the partnership. Therefore, by establishing for its trustees and shareholders limited liability for trust obligations, the plaintiff obtained a privilege not possessed by individuals or partnerships.

Because the plaintiff meets all three criteria necessary for classification as a corporation under G.S. 105-114 it is properly taxable under that statute.

The plaintiff argues the statutes imposing income and intangible taxes use the word trust. It contends that the failure to use the word trust in the statute imposing a franchise tax shows the General Assembly did not intend to impose a franchise tax on business trusts. We believe the plain words of G.S. 105-114 impose this tax on the plaintiff.

[2] In its second assignment of error the plaintiff argues that G.S. 105-114 as applied to the plaintiff violates Article V, § 2 of the North Carolina Constitution. The plaintiff argues that because

it is so similar to a limited partnership, which is not subject to the franchise tax, assessment of the tax against the plaintiff violates the uniformity requirement of that section. We disagree.

Article V, § 2 provides in part:

Only the General Assembly shall have the power to classify property for taxation, which power shall be exercised only on a State-wide basis and shall not be delegated. No class of property shall be taxed except by uniform rule, and every classification shall be made by general law uniformly applicable . . . .

Although the uniformity requirement is literally confined to taxes on property, our Supreme Court has held that it extends to license, franchise and other taxes. *Lenoir Finance Co. v. Currie*, 254 N.C. 129, 118 S.E. 2d 543, *app. dismissed*, 368 U.S. 289, 7 L.Ed. 2d 336, 82 S.Ct. 375 (1961).

The uniformity rule of Article V, § 2 requires the courts, "when the validity of a tax statute is challenged on the ground of discrimination, to ascertain if in fact there is a difference in the classes taxed." *Lenoir Finance Co., supra*, at 133, 118 S.E. 2d at 546. "[T]he power to classify subjects of taxation carries with it the discretion to select them, and . . . a wide latitude is accorded taxing authorities . . . ." *Id.* A classification will be upheld if it is "reasonable and not arbitrary" and rests upon "some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced should be treated alike." *Southern Grain & Provision Co. v. Maxwell*, 199 N.C. 661, 663, 155 S.E. 557, 558 (1930).

The plaintiff's Declaration of Trust specifically declares that the plaintiff shall not be deemed a partnership. Furthermore, as demonstrated under plaintiff's first assignment of error, the plaintiff's trustees and shareholders enjoy a significant privilege not enjoyed by limited or general partnerships. Therefore, the difference in classification is not arbitrary or unreasonable. It has a fair and substantial relation to the purpose of the legislation, to exact a tax "for doing business in this State and for the benefit and protection which such corporations receive from the government and laws of this State in doing business in this State."

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.