COUNTY OF ROCKINGHAM AND CITY OF REIDSVILLE v BOARD OF TRUSTEES OF ELON COLLEGE.

(Filed 26 March, 1941.)

**1. Taxation § 20—**

The power of the Legislature to exempt from taxation property not owned by the State or its political subdivisions is perforce limited and restricted by the scope of the constitutional grant of the permissive power of exemption. Article V, sec. 5.

**2. Same: Taxation § 1—**

The power vested in the General Assembly to tax and to exempt property from taxation are both circumscribed, and are required by the Constitution to be exercised with equality and fair play so that all similarly situated be subject to the same rule.

**3. Taxation § 20—**

The criteria in determining whether the General Assembly has the power to exempt certain property from taxation is the purpose for which the property is held and not the character of the owner, exemptions permitted by the Constitution not being *in personam* but *in rem*, based upon the purpose for which the *res* is held.

**4. Same—Business property owned by educational institution and held by it for profit is not exempt from taxation.**

Defendant is an educational institution. Its charter (ch. 216, Private Laws of 1889, as amended by ch. 64, Private Laws of 1917) provided that property to a stated amount held by its trustees for said college should be exempt from taxation. The property in question, owned by defendant, is business property situate in plaintiff county and is rented by defendant for offices and business purposes to private enterprises, and the net profit derived therefrom is devoted exclusively to educational purposes by defendant. *Held:* The exemption granted defendant in its charter applies, and was intended to apply, only to property held by defendant for educational purposes, and the statutory exemptions contained in the Revenue Acts for the years in question (ch. 291, sec. 600 [7], Public Laws 1937; ch. 310, sec. 600 [7], Public Laws 1939), though broad enough in their terms to exempt the *locus in quo*, are, when applied to the facts, beyond the scope of the constitutional grant of permissive power of exemption, and therefore the property must be held subject to *ad valorem* assessment and taxation.

SEAWELL, J., dissents.

APPEAL by defendant from *Rousseau, J.,* at December Term, 1940, of ROCKINGHAM.

Civil action to enforce collection of *ad valorem* taxes alleged to be due by the defendant for the years 1938 to 1940, inclusive.

The case was submitted to the court on an agreed statement of facts, which, in summary, follows:

1. Elon College is an educational institution under the management of the Christian Church, with its campus and school buildings located in Alamance County, this State. It was incorporated in 1889 by Act of Assembly, which, among other things, provides that property to the amount of $500,000.00 held by the trustees for the college "shall forever be exempt from taxation." By amendment to its charter in 1917, this exemption was increased to $5,000,000. Its present holdings do not amount to more than $1,500,000.00.

2. In July, 1937, the defendant purchased a modern three-story building in the city of Reidsville at the corner of Gilmer and Scales Streets, known as the "Citizens' Bank Building," which it has improved, installed elevator, etc., "and is now renting said property as an office and business building to various persons and corporations who operate private businesses." Its present gross annual rental is $4,500, and the defendant receives an annual net rental income therefrom of approximately $2,500.

3. There are other office and business buildings in Reidsville owned by individuals and corporations which are duly assessed for ad valorem taxes by the plaintiffs.

4. The plaintiffs, who are the local taxing authorities, have caused the defendant's property to be placed on the tax list and assessment roll of the county and city for the years 1938 to 1940, inclusive.

5. The listing and assessment of defendant's property for ad valorem taxes was over defendant's protest and objection. Exemption is claimed under the Revenue Acts of 1937 and 1939, and also under the provisions of the defendant's charter.

6. All rents and profits arising from said property are devoted to and used exclusively for educational purposes by the defendant.

7. The defendant purchased the property in question with trust and endowment funds, and is mainly dependent upon such investments for revenue or income. None of its property is held for speculation.

From judgment upholding the assessment and levy of the taxes in question, the defendant appeals, assigning error.

*J. C. Brown for plaintiff, Rockingham County, appellee.*
*Susie Sharp and P. W. Glidewell, Jr., for City of Reidsville, appellee.*
*Shuping & Hampton for defendant, appellant.*
*Chase Brenizer for Trustees of Davidson College, amicus curiæ.*

STACY, C. J. The question for decision is whether the three-story office building situate at the corner of Gilmer and Scales Streets in the city of Reidsville and owned by the defendant is subject to an ad valorem assessment and taxation for the years 1938 to 1940. The court below answered in the affirmative, and we approve.

I. *The Statutory Exemptions:*

It is provided by the Revenue Act of 1937, ch. 291, sec. 600 (7), Public Laws 1937, that the following real property, and no other, shall be exempted from taxation: "Property beneficially belonging to or held for the benefit of . . . educational . . . institutions or orders, where the rent, interest or income from such investment shall be used exclusively for . . . educational . . . purposes." This same provision was brought forward in the Revenue Act of 1939, ch. 310, sec. 600 (7), Public Laws 1939, and was therefore in force from 1937 through 1940.

The defendant's charter also provides: "Property to the amount of five million dollars held by said trustees for said college shall forever be exempt from taxation." Ch. 216, Private Laws 1889, as amended by ch. 64, Private Laws 1917.

It is the position of the defendant that for the years from 1938 to 1940, inclusive, its real property was not subject to an *ad valorem* assessment and taxation, under the Revenue Acts then in force, because the rent, interest or income from its investment was used exclusively for educational purposes; and for the further reason that. all of the property now owned by the defendant is withdrawn from taxation by specific charter exemption.

It must be conceded that the statutory exemptions, here invoked, are broad enough to cover the *locus in quo,* unless they are perforce delimited by the constitutional grant under which they were made. It is axiomatic that all legislative exemptions are to be read in the light of the power of their enactment, and interpreted accordingly. The question then arises to what extent, if any, are these statutory exemptions restricted by constitutional limitation? This is the crux of the case.

II. *The Pertinent Constitutional Provisions:*

In Article V of the Constitution, the General Assembly is vested with the power of taxation and with the power of exemption, but neither is absolute. Both are circumscribed.

1. "The power of taxation shall be exercised in a just and equitable manner. . . . Taxes on property shall be uniform as to each class of property taxed." Art. V, sec. 3.

2. "Property belonging to the State or to municipal corporations shall be exempt from taxation. The General Assembly may exempt . . . property held for educational, scientific, literary, charitable, or religious purposes," etc. Art. V, sec. 5.

The pervading principle to be observed by the General Assembly in the exercise of these powers is equality and fair play. It is the will of the people of North Carolina, as expressed in the organic law, that justice shall prevail in tax matters, with "equal rights to all and special

privileges to none." Of course, it is recognized that in devising a scheme of taxation, "some play must be allowed for the joints of the machine" and many practical inequalities may exist, still they are not to result from obvious discrimination. The goal must be kept in sight. The thesis of the Constitution is, that all similarly situated are entitled to the same treatment from the government they support. *Leonard v. Maxwell,* 216 N. C., 89, 3 S. E. (2d), 316.

While we are not presently concerned with property of a municipal corporation, it may be useful to consult some of the cases arising under the first sentence of Art. V, sec. 5, where the properties mentioned therein are peremptorily exempted.

In the case of *Board of Financial Control v. Henderson County,* 208 N. C., 569, 181 S. E., 636, a bank building in the city of Hendersonville was acquired by the liquidating agent of the city of Asheville and rented out as an office building to various persons and corporations engaged in private businesses. The question posed and answered was this: "Can the city of Asheville, a municipal corporation, acquire business property in another county, hold and rent it, without the payment of taxes in that county? We think not." It is implicit in the Constitution, so the Court held in interpreting the above provisions, that when property of this kind is operated as a private competitive business for profit or gain, regardless of the character of the owner, it is to bear its just share of the community burdens, including the cost of providing for its own protection, etc.

Similarly, in the case of *Warrenton v. Warren County,* 215 N. C., 342, 2 S. E. (2d), 463, it was held that a hotel acquired by the town of Warrenton at foreclosure to protect its investment, and afterwards leased for operation as a private business enterprise, was not exempt from taxation by the county.

To like effect are the decisions in *Benson v. Johnston County,* 209 N. C., 751, 185 S. E., 6, and *Winston-Salem v. Forsyth County,* 217 N. C., 704, 9 S. E. (2d), 381.

Coming then to the discretionary exemptions, which the General Assembly is authorized to make, we find the following pertinent expression in the recent case of *Odd Fellows v. Swain,* 217 N. C., 632, 9 S. E. (2d), 365:

"The power to grant exemptions under authority of the second sentence in Art. V, sec. 5, which may be exercised in whole, or in part, or not at all, as the General Assembly shall elect, is limited to property held for one or more of the purposes therein designated. *Southern Assembly v. Palmer,* 166 N. C., 75, 82 S. E., 18; *United Brethren v. Comrs.,* 115 N. C., 489, 20 S. E., 626. Property held for any of these purposes is supposed to be withdrawn from the competitive field of commercial

activity, and hence it was not thought violative of the rule of equality or uniformity, to permit its exemption from taxation while occupying this favored position. But when it is thrust into the business life of the community, it loses its sheltered place, regardless of the character of the owner, for it is then held for profit or gain. *Trustees v. Avery County,* 184 N. C., 469, 114 S. E., 696. The test to be applied in determining the validity of exemptions granted under this provision of the Constitution is the purpose for which the property is held. *Davis v. Salisbury,* 161 N. C., 56, 76 S. E., 687; *Corp. Com. v. Construction Co.,* 160 N. C., 582, 76 S. E., 640. Note, the language is not that the General Assembly may exempt property *held by* educational, scientific, literary, charitable, or religious institutions, but the grant is in respect of property *held for* one or more of the designated purposes. *Latta v. Jenkins,* 200 N. C., 255, 156 S. E., 857. It is true that property held for one or more of these purposes is usually held by an institution of such like character, still it does not follow that an institution of a given kind necessarily holds all of its property for a kindred purpose, or for any of the purposes enumerated in this section of the Constitution. *Warrenton v. Warren County,* 215 N. C., 342, 2 S. E. (2d), 463. It is not the character of the corporation or association owning the property which determines its status as respects the privilege of exemption, but the purpose for which it is held. *Grand Lodge, F. A. M., v. Taylor,* 146 Ark., 316, 226 S. W., 129. This is the plain meaning and intent of the Constitution. *Corp. Com. v. Construction Co., supra.*"

It is the use of property other than in private competitive business that justifies its exemption from taxation. *Hospital v. Guilford County,* 218 N. C., 673. This is the rationale of all the decisions on the subject. Those who are required to pay taxes on their property are deserving of equal consideration. Their burden is made heavier whenever property of any kind is withdrawn from the field of taxation. It is difficult for the owners of other rental properties to understand why their buildings should be taxed and the office building of their neighbor granted an exemption. They are competitors in the same kind of business, and they look to the same government for protection. They pay their share of the public cost incurred for fire protection, police protection, streets and sidewalks, health and sanitation, and for the various facilities and instrumentalities of government which are maintained by the community for the common good. The Constitution declares that those in the same class shall be treated alike.

It appears from the foregoing analysis of the cases on the subject that the path of exemption has equality prescribed on one side and discrimination proscribed on the other. The fact that a commercial enterprise devotes its entire profits to a charitable or other laudable purpose does

not change the character of its business nor the purpose for which it is held. It is still a commercial enterprise, and is held as such. A merchant may use his entire income for the education of his children, but this would not render his store exemptible. Likewise, a philanthropist may segregate the earnings of one or more of his factories and turn them over to eleemosynary uses without making the designated factory or factories exemptible. So, when an educational institution sees fit to engage in an outside competitive business for the purpose of increasing its revenues, the trade part of its business falls into the category of a commercial undertaking.

The Revenue Acts, therefore, and the exemptions contained therein, must be regarded as limited by the constitutional grant under which they were enacted. Exemptions are not allowed as releases *in personam,* but are confined to releases *in rem,* based on the purpose for which the *res* is held.

The exemption granted the defendant in its charter applies, and was intended to apply, to property held by the trustees for use in promoting and carrying out the objects of Elon College. The only property in Reidsville which the defendant holds for this purpose is the income derived from its building.

The case, then, comes to this: The defendant purchased the property in question as an investment, from which it hopes to derive an income. It is held for profit or gain, *i.e.,* for the purpose of making money. It is in a business district and devoted to rental purposes. If it did not yield an income the defendant would have no use for it. It competes with other property similarly situated and shares equally in community benefits. It is but meet that it should bear its ratable part of the public burdens.

It results, therefore, that the defendant is entitled to exemption on the campus and is liable to tax in the market-place.

Affirmed.

SEAWELL, J., dissents.