STATE OF NORTH CAROLINA v. HAROLD DONALD RIPPY

No. 853SC976

(Filed 1 April 1986)

**1. Taxation §§ 2.3, 26.1 — commercial fishing pier license — uniform taxation**

The statute requiring the manager of an ocean fishing pier who charges the public a fee to fish from the pier to obtain a pier license, N.C.G.S. § 113-156.1(a), does not create an unconstitutional classification and satisfies the requirements of uniformity, equal protection and due process under both state and federal constitutions, since the opportunity to establish an exclusive zone around ocean piers provided by N.C.G.S. § 113-185(a), and the costs to the State of enforcing this zone, distinguish ocean piers from other piers and provide reasonable grounds for their separate license tax classification.

**2. Taxation § 26.1 — ocean fishing pier license — purpose to which tax applied**

The statute requiring the operator of a commercial ocean fishing pier to obtain a license, N.C.G.S. § 113-156.1, does not violate the requirement of Art. V, § 5 of the N. C. Constitution that every act levying a tax shall state the

special object to which it is to be applied since it is evident that the license tax is levied and applied for the conservation of marine and estuarine wildlife resources.

**3. Constitutional Law § 4— no standing to attack constitutionality of statute**

An ocean fishing pier owner lacked standing to challenge the constitutionality of the statute affording the operators of such piers the opportunity to establish an exclusive 750 foot zone around such piers since plaintiff has not been injured by the alleged unconstitutionality of the statute.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 15 April 1985 in Superior Court, CARTERET County. Heard in the Court of Appeals 4 February 1986.

Defendant is the owner and operator of Sportsmans Pier at Atlantic Beach, North Carolina, an ocean fishing pier at which the public is charged a fee to fish. Defendant refused to procure an ocean fishing pier license as required by N.C. Gen. Stat. 113-156.1(a), which states that "[e]very manager of an ocean fishing pier within the coastal fishing waters who charges the public a fee to fish in any manner from the pier must secure a current and valid pier license from the Department [of Natural Resources and Community Development]." He was cited for violation of N.C. Gen. Stat. 113-156.1(a) by unlawfully and willfully engaging in a commercial fishing operation without first procuring an ocean fishing pier license.

The jury returned a verdict of guilty. The court ordered defendant to pay the costs of court and to purchase a license. Defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*John E. Nobles, Jr., for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends that N.C. Gen. Stat. 113-156.1 violates the due process clause of the federal and state constitutions in that taxation must be uniform. Specifically, he argues that the licensing requirement of N.C. Gen. Stat. 113-156.1 creates an unconstitutional classification by requiring such a license for commercial fishing piers on the ocean but not in other areas. We disagree.

Article V, Section 2 of the North Carolina Constitution provides that "[n]o class of property shall be taxed except by uniform rule . . . ."

> Although [this] provision of the North Carolina Constitution does not expressly apply to a [license] tax but rather to "property and other subjects," numerous decisions of [the North Carolina Supreme] Court have held the clause to be applicable to license, franchise and other forms of taxation. . . . In *Hajoca Corp. v. Comr. of Revenue* . . ., [the Supreme] Court stated: " '[T]he requirements of "uniformity," "equal protection," and "due process," are, for all practical purposes, the same under both the State and Federal Constitutions.' " A tax is uniform when it imposes an equal tax burden upon all members of a particular class. . . . As long as a classification is not arbitrary or capricious, but rather [is] founded upon a rational basis, the distinction will be upheld by the Court. [Citations omitted.]

*Realty Corp. v. Coble, Sec. of Revenue*, 291 N.C. 608, 617, 231 S.E. 2d 656, 661-62 (1977). On review, wide latitude is accorded the General Assembly; the only limitation on its power is that the classification must be founded upon reasonable, and not arbitrary, distinctions. *In re Champion International Corp.*, 74 N.C. App. 639, 645, 329 S.E. 2d 691, 694, *appeal dismissed*, 314 N.C. 540, 335 S.E. 2d 15 (1985).

> The Legislature is not required to preamble or label its classifications or disclose the principles upon which they are made. It is sufficient if the Court, upon review, may find them supported by justifiable reasoning. In passing upon this the Court is not required to depend solely upon evidence or testimony bearing upon the fairness of the classification, if that should ever be required, but it is permitted to resort to common knowledge of the subjects under consideration, and publicly known conditions, economic or otherwise, which pertain to the particular subject of the classification.

*Snyder v. Maxwell, Comr. of Revenue*, 217 N.C. 617, 620, 9 S.E. 2d 19, 21 (1940).

In *Snyder* the Court upheld a statute which imposed a higher license tax on the privilege of operating vending machines selling

soft drinks than on vending machines selling other kinds of merchandise at the same price. *Id.* at 619-22, 9 S.E. 2d at 20-22. It found these classifications to be based upon real and reasonable distinctions since it was common knowledge that soft drink sales afforded a unique opportunity for gainful return, thus justifying a higher tax on the privilege. *Id.* at 621, 9 S.E. 2d at 22.

In light of the foregoing authorities, we hold that N.C. Gen. Stat. 113-156.1 satisfies the requirements of uniformity, equal protection and due process under both the state and federal constitutions. *Realty Corp., supra,* 291 N.C. at 617, 231 S.E. 2d at 661-62. The statute applies equally to "[e]very manager of an ocean fishing pier within the coastal fishing waters who charges the public a fee to fish in any manner from the pier . . . ." N.C. Gen. Stat. 113-156.1. Given N.C. Gen. Stat. 113-185(a), which affords the operators of such piers the opportunity to establish an exclusive 750 foot zone within which other commercial and recreational fishing is prohibited (with the exception of surf casting), to require a license for managers of ocean piers only is a wholly reasonable classification. N.C. Gen. Stat. 113-185(a) does not apply to piers over interior waters such as sounds and rivers. The opportunity to establish an exclusive zone around ocean piers, and the cost to the State of enforcing this zone, distinguish ocean piers from other piers and provide reasonable grounds for their separate license tax classification.

[2] Defendant also contends that N.C. Gen. Stat. 113-156.1 violates Article V, Section 5 of the North Carolina Constitution, which provides that "[e]very act of the General Assembly levying a tax shall state the special object to which it is to be applied and it shall be applied to no other purpose." N.C. Gen. Stat. 113-156.1 is part of Chapter 113, which is entitled Conservation and Development, and more particularly of Subchapter IV, which is entitled Conservation of Marine and Estuarine and Wildlife Resources. The special purpose of Subchapter IV, as revealed by its title, is the conservation of marine and estuarine and wildlife resources. It is evident that the license tax is levied and applied for this purpose. We thus find this contention without merit.

[3] Defendant finally contends that N.C. Gen. Stat. 113-185 violates Article V, Section 2 of the North Carolina Constitution because it fails to serve a public purpose. However, " '[o]nly one

who is in immediate danger of sustaining a *direct injury* from legislative action may assail the validity of such action.' " *Wilkes v. Bd. of Alcoholic Control*, 44 N.C. App. 495, 496, 261 S.E. 2d 205, 206 (1980). Defendant fails to allege any direct injury resulting from the alleged unconstitutionality of N.C. Gen. Stat. 113-185, and none is apparent. On the contrary, as an ocean pier owner defendant benefits from the exclusive zone established by that statute. Accordingly, we hold that he lacks standing to challenge its constitutionality. *Id.*

No error.

Judges WELLS and COZORT concur.