JEFFREY SMITH, ET AL., PLAINTIFFS
v.
CITY OF FAYETTEVILLE, DEFENDANT

No. COA11-1263-2

Filed 4 June 2013

**Constitutional Law—Just and Equitable Tax Clause—privilege license tax increase—unreasonable increase**

The trial court erred in a case involving plaintiffs' challenge to the City of Fayetteville's (City) ordinance imposing an increased privilege license tax on electronic gaming operations by granting summary judgment in favor of the City and denying plaintiffs' summary judgment motion. The City's privilege license tax violated the Just and Equitable Tax Clause because the City's 8,900% minimum tax increase was wholly detached from the moorings of anything reasonably resembling a just and equitable tax.

Appeal by Plaintiffs from order entered 15 August 2011 by Judge Russell J. Lanier, Jr. in Cumberland County Superior Court. The case was originally heard before this Court on 22 February 2012 and decided on 1 May 2012. *See Smith v. City of Fayetteville (Smith I),* __ N.C. App. __, 725 S.E.2d 405 (2012). Upon remand by order of the North Carolina Supreme Court filed 12 March 2013. *See Smith v. City of Fayetteville,* __ N.C. __, __ S.E.2d __ (2013).

*The Law Offices of Lonnie M. Player, Jr., PLLC, by Lonnie M. Player, Jr., for Plaintiff-appellants.*

*City Attorney for the City of Fayetteville Karen M. McDonald, Assistant City Attorney for the City of Fayetteville Brian K. Leonard, and Parker, Poe, Adams & Bernstein L.L.P., by Anthony Fox and Benjamin Sullivan, for Defendant-appellee.*

HUNTER, JR., Robert N., Judge.

Plaintiffs initially challenged the City of Fayetteville's (the "City's") 2010 ordinance imposing an increased privilege license tax on "electronic gaming operations."[1] *Smith I,* __ N.C. App. at __, 725 S.E.2d at

---

1. We acknowledge that on 14 December 2012, our Supreme Court upheld the constitutionality of N.C. Gen. Stat. § 14–306.4 (2011), banning the use of "entertaining displays"

407. On 15 August 2011, Plaintiffs appealed to this Court from a trial court order: (i) granting summary judgment to the City; and (ii) denying Plaintiffs' summary judgment motion. *Id.* at __, 725 S.E.2d at 408. On appeal, Plaintiffs argued the trial court erred because the ordinance at issue is unenforceable under several legal theories. *Id.* at __, 725 S.E.2d at 409. This Court heard the case on 22 February 2012. *Id.* at __, 725 S.E.2d at 407.

Upon review, we: (i) affirmed in part; and (ii) reversed and remanded in part. *Id.* at __, 725 S.E.2d at 415. First, we affirmed the trial court's order as to all plaintiffs on the issues of whether the privilege license tax: (i) unlawfully classifies and exempts property for taxation; (ii) violates the rule of uniformity; and (iii) is preempted by federal law. *Id.* at __, 725 S.E.2d at 414. Next, for Plaintiffs Tanya Marion, Thi Quoc Tran, Triumph Entertainment, LLC, Tim Moore, Douglas Guy, Danny Dye, Beverly K. Harris, Harris Management Services, Inc., JB & H Consulting, Inc., Charles Shannon Silver, and Randy Griffin, we affirmed the trial court's summary judgment order because the parties did not present sufficient evidence to rebut the presumption that the privilege license tax is reasonable and not prohibitive. *Id.* Lastly, for plaintiffs Jeffrey Smith, Chris Marion, and Crafty Corner, LLC, we reversed the trial court's summary judgment order and remanded for trial because these plaintiffs presented sufficient evidence that the privilege license tax is reasonable and not prohibitory. *Id.*

On 1 June 2012, Plaintiffs filed notice of appeal based on the constitutional question to our Supreme Court. On 12 March 2013, our Supreme Court allowed Plaintiffs' notice of appeal only "for the limited purpose of remanding to the Court of Appeals for reconsideration in light of our decision in *IMT, Inc. v. City of Lumberton,* __ N.C. __, [738 S.E.2d 156] (8 March 2013)." *Smith,* __ N.C. at __, __ S.E.2d at __. In *IMT,* our Supreme Court held a city's privilege license tax violated the Just and Equitable Tax Clause of our state's Constitution. *IMT, Inc. v. City of Lumberton,* __ N.C. __, __, 738 S.E.2d 156, 160 (2013).

Per our Supreme Court's order, we now reconsider the instant case in light of *IMT.* Based on our Supreme Court's holding in *IMT,* we reverse the trial court's entire order and remand for proceedings

---

in electronic sweepstakes. *See Hest Techs., Inc. v. State ex rel. Perdue,* __ N.C. __, __, __ S.E.2d __, __ (2012). On 1 March 2013, the United States Supreme Court granted the *Hest* plaintiffs' application to extend time to file a petition for writ of certiorari. *Hest's* ultimate outcome is as yet unknown. In either event, *Hest's* pending outcome does not impact our analysis here since the instant case arose before our Supreme Court's *Hest* decision.

SMITH v. CITY OF FAYETTEVILLE.

[227 N.C. App. 563 (2013)]

consistent with this opinion. We further note that to the extent this opinion is inconsistent with our prior opinion filed 1 May 2012, *see Smith I*, __ N.C. App. at __, 725 S.E.2d at 405, the instant opinion modifies and replaces that opinion.

## I. Facts & Procedural Background

We adopt the facts and procedural background provided in *Smith I*, __ N.C. App. at __, 725 S.E.2d at 408.

## II. Jurisdiction & Standard of Review

We adopt the jurisdiction and standard of review provided in *Smith I. Id.*

Additionally, "[t]he standard of review for alleged violations of constitutional rights is *de novo*." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009), *appeal dismissed and disc. rev. denied*, 363 N.C. 857, 694 S.E.2d 766 (2010). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

## III. Analysis

On appeal to this Court, Plaintiffs argued the City's privilege license tax is unenforceable because it: (i) unlawfully classifies property for taxation; (ii) unlawfully exempts property for taxation; (iii) violates the rule of uniformity; (iv) lacks a rational basis; (v) imposes an unjust and inequitable taxation scheme; and (vi) is preempted by federal law. Because Plaintiffs' claims on the first four issues were not appealed to the Supreme Court, we need only address the constitutional question herein. Upon review, we reverse and remand based on Plaintiffs' constitutional argument.

According to the North Carolina Constitution, "[t]he power of taxation shall be exercised in a just and equitable manner, for public purposes only, and shall never be surrendered, suspended, or contracted away." N.C. Const. Art. V, § 2(1). This provision "is a limitation upon the legislative power, separate and apart from the limitation contained in the Law of the Land Clause in Article I, § 19, of the Constitution of North Carolina, and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States." *Foster v. N.C. Med. Care Comm'n*, 283 N.C. 110, 126, 195 S.E.2d 517, 528 (1973). While North Carolina precedent has thoroughly analyzed the Public Purpose Clause and Contracting Away Clause in Art. V, § 2(1), until recently our courts

had not defined the exact scope of the Just and Equitable Tax Clause. *See IMT*, __ N.C. at __, 738 S.E.2d at 157.

In *IMT*, our Supreme Court directly addressed the substantive protections of the Just and Equitable Tax Clause. There, four promotional sweepstakes companies challenged a Lumberton city ordinance increasing the privilege license tax on sweepstakes. *IMT*, __ N.C. at __, 738 S.E.2d at 157. The prior tax was a flat rate of $12.50 per year; the new tax was $5,000 per business location plus $2,500 per computer terminal. *Id.* The new minimum tax, $7,500, constituted a 59,900% increase. *Id.* Since most businesses operated multiple computer terminals, the actual tax increase was as high as 1,100,000%. *Id.* For comparison, the second highest privilege license tax in Lumberton was $500 for "Circuses, Menageries, Wild West, [and] Dog and Pony Shows." *Id.* (alteration in original). The companies in *IMT* alleged, *inter alia*, the tax increase violated the Just and Equitable Tax Clause. *Id.*

In *IMT*, this Court originally determined the trial court did not err in granting summary judgment for the city because "[t]he only evidence [the companies] presented [was] the new amount of the privilege license tax on [their] business in comparison to the privilege license tax on [their] business in previous years as well as in comparison to the privilege license tax on other businesses." *IMT, Inc. v. City of Lumberton*, __ N.C. App. __, __, 724 S.E.2d 588, 596 (2012). Since the companies "presented no additional evidence that the privilege license tax was prohibitive on their particular businesses," we held they failed to present enough evidence to survive summary judgment. *Id.* However, in IMT our Supreme Court reversed our decision.

There, our Supreme Court analogized to jurisprudence under the Public Purpose Clause and the Contracting Away Clause to determine the Just and Equitable Tax Clause created a substantive claim. *IMT*, __ N.C. at __, 738 S.E.2d at 158. The Supreme Court then articulated the delicate balance between protection of the public from unjust taxes and preservation of legislative authority to enact taxes:

> "The pervading principle to be observed by the General Assembly in the exercise of [the tax] powers is equality and fair play. It is the will of the people of North Carolina, as expressed in the organic law, that justice shall prevail in tax matters, with equal rights to all and special privileges to none. Of course, it is recognized that in devising a scheme of taxation, some play must be allowed for the joints of the machine."

*Id.* at \_\_, 738 S.E.2d at 159 (quoting *Cnty. of Rockingham v. Bd. of Trs. of Elon Coll.*, 219 N.C. 342, 344–45, 13 S.E.2d 618, 620 (1941))(alteration in original).

In *IMT*, our Supreme Court ultimately determined that:

> [w]hile these competing considerations might be difficult to reconcile in nuanced cases, the case at bar is hardly nuanced. Here, the City's 59,900% minimum tax increase is wholly detached from the moorings of anything resembling a just and equitable tax. If the Just and Equitable Tax Clause has any substantive force, as we hold it does, it surely renders the present tax invalid.

*Id.* at \_\_, 738 S.E.2d at 160. Consequently, our Supreme Court held "the City of Lumberton's privilege tax at issue constitutes an unconstitutional tax as a matter of law and the trial court erred in granting summary judgment for the City." *Id.*

In the instant case, we apply *IMT* to determine whether the City's privilege license tax violates the Just and Equitable Tax Clause.

Here, the previous privilege license tax was only $50. *Smith I*, \_\_ N.C. App. at \_\_, 725 S.E.2d at 408. The 2010 ordinance enacted a new privilege license tax on "electronic gaming operations" of $2,000 per business location and $2,500 per computer terminal. *Id.* The minimum tax under the ordinance, $4,500, is a 8,900% increase from the prior $50 tax. *See id.* Like in *IMT*, the actual tax to businesses is usually significantly higher since they operate multiple computer terminals. For instance, Plaintiff Jeffrey Smith's business, Hi Rollers Sweepstakes, operates twelve computer terminals. His business was taxed $32,000 under the new ordinance—almost a 64,000% increase from the previous $50 tax.

While we acknowledge a 8,900% tax increase is not as substantial as the 59,900% increase in *IMT*, we conclude the 8,900% increase violates the Just and Equitable Tax Clause for the reasons stated in *IMT*. Specifically, the City's 8,900% "minimum tax increase is wholly detached from the moorings of anything reasonably resembling a just and equitable tax." *IMT*, \_\_ N.C. at \_\_, 738 S.E.2d at 160. Therefore, it is unconstitutional as a matter of law. *See id.* Without a fully-developed record and given the Supreme Court's reluctance to further define a methodology for evaluating just and equitable taxation claims, we are unwilling to articulate a methodology similar to the methodology previously adopted by this panel in *Smith I*.

Consequently, the trial court erred in awarding summary judgment to the City and denying Plaintiffs' motion for summary judgment. As such, we reverse.

## IV. Conclusion

For the foregoing reasons, we conclude the City's privilege license tax violates the Just and Equitable Tax Clause of our State's Constitution as a matter of law. As such, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

Judges BYRANT and DAVIS concur.